(40 App. Div. 482.)

## McCUNNEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

MUNICIPAL CORPORATIONS—EMPLOYMENT OF MECHANIC.

Unless one is hired as a mechanic, and does a mechanic's work, he is not employed as such, within Laws 1894, c. 622, providing that mechanics, employed by a municipal corporation, shall receive not less than prevailing local wages in their trades; and hence one hired in the street-cleaning department of a city as a painter, and doing work as a driver, could not demand a painter's wages thereunder.

Appeal from trial term, New York county.

Action by John J. McCunney against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Robert L. Redfield, for appellant.
Charles Blandy, for respondent.

RUMSEY, J. The plaintiff alleges that on the 1st day of May, 1897, he entered into the employ of the street-cleaning department of the city of New York as a painter and varnisher, and continued in that employ until the 15th of July, 1898. He states that the prevailing rate of wages for painters and varnishers in the city of New York during that time was $3.50 a day, but that he received from the city of New York as his daily wages a considerably less sum, and he brings this action to recover the difference between the sum which he actually received and that which he claims he should have received, estimating his wages at the rate of $3.50 daily. Upon the trial, which was had before the court without a jury, his complaint was dismissed, and from the judgment entered upon that dismissal he brings this appeal.

The facts are not in dispute. They were established by the evidence of the plaintiff himself, no other testimony having been given. He testified that, having passed a civil-service examination as a varnisher, he applied for a position in that capacity to the commissioner of street cleaning, but was told that there were no vacancies in the mechanical department. He was also told, however, that he could have a position as driver, which he accepted, and was put upon the list of drivers in the department, and received the pay fixed for drivers by the statute until the month of February, 1898, when he was appointed a mechanic's helper, and received pay of that grade, until his employment ceased, in the month of July, 1898. Chapter 368 of the Laws of 1894, which took effect in the month of April, added a new section to the consolidation act, by which the street-cleaning department was reorganized, and the number of persons who might be employed in each capacity was prescribed and their salaries fixed. The number of drivers in the department was fixed at 750, and their salaries were established at $720 a year. This fixed rate of payment was binding upon all the officers and employés of the department, and the amount to be received by each person could not be reduced

(People v. Police Board, 75 N. Y. 38), nor could it be increased. The plaintiff accepted the appointment, went upon the list, and received the salary fixed by the law, and it would seem that these facts constituted a perfect answer to the action which he has brought. But he insists that he is entitled to be paid at the rate of $3.50 a day because of the provisions of chapter 622 of the Laws of 1894. That act, by its terms, applies to all "mechanics, workingmen and laborers now or hereafter employed by the state or any municipal corporation therein, through its agents or officers, or in the employ of persons contracting with the state or such corporation for the performance of public works"; and it prescribes that "all such mechanics, workingmen and laborers so employed shall receive not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen and laborers are employed in said locality." The claim of the plaintiff is that, although he was appointed a driver, and presumptively, therefore, entitled to the rate of pay prescribed for drivers by the statute, yet in fact he was set at the work of a painter, and that, therefore, he comes within the statute just cited, and should be paid at the rate of $3.50 a day. But he does not come within that statute. It applies in terms only to mechanics, workingmen, or laborers so employed. To be employed about anything means, not only doing the thing, but also to be engaged to do it,—to be under contract or orders to do it. U. S. v. Morris, 14 Pet. 464, per Taney, C. J., page 475. A man is not employed as a mechanic, within that section of the statute, unless he is hired as such and does the work of a mechanic. If he enters into a contract with the city by which he accepts an entirely different position, the rate of pay for which is fixed by law, he is bound by that rate of pay, although he may be detailed for some other work during the time that his services in the position to which he was appointed are not required. This case is not one where the person is employed to work at any particular trade at a compensation agreed upon between him and the official who hires him, at a rate different from that which the statute prescribes. In such case, although he may accept his employment as a mechanic or a workingman or a laborer at a less rate of wages than that which prevails in the particular locality, this agreement does not preclude his receiving from the corporation hiring him the rate of wages fixed by the statute. The reason is that the statute fixes the rate, and neither he nor the person who employs him can make any binding contract different from that which the statute prescribes. McMahon v. City of New York, 22 App. Div. 113, 47 N. Y. Supp. 1018; Kehn v. State, 93 N. Y. 291. For the same reason, when he is employed in a particular capacity as to which the law has fixed the compensation, he must be paid in that capacity, because the law says so; and the person employing him cannot change the rates which the law gives him, or increase the liability of the city towards him, by detailing him to perform some other work different from that to which he has been appointed. The principle to be applied is the same in each case. The statute fixes the compensation for the position to which the man is appointed, and, when it is so fixed, the fact that he does work of a

different kind is of no importance, because no party has the right to change the obligations which the statute creates.

For these reasons, the judgment must be affirmed, with costs. All concur.