# Cases

# SECOND DEPARTMENT

IN THE

## APPELLATE DIVISION,

### January, 1903.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS SWEENEY, Appellant, *v.* THOMAS STURGIS, Fire Commissioner of the City of New York, Respondent.

*Labor Law — the eight-hour provision does not apply to the uniformed members of the New York fire department.*

Section 3 of the Labor Law (Laws of 1897, chap. 415, as amd. by Laws of 1900, chap. 298), which provides that "eight hours shall constitute a legal day's work for all classes of employees in this State, except those engaged in farm and domestic service, unless otherwise provided by law," is limited by section 2 of that act, which defines an employee as "a mechanic, workingman or laborer, who works for another for hire."

The word "contract," as used in section 3 of the Labor Law, indicates that such section relates to cases where a contract is made with a State or municipal corporation, and under it mechanics, workingmen or laborers are employed by the contractor or any sub-contractors, and not to persons who hold offices or positions in the public service.

The section does not apply to uniformed members of the fire department of the city of New York, who are appointed after a competitive civil service examination and who receive annual salaries and not wages.

APPEAL by the relator, Thomas Sweeney, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 16th day of May, 1902, denying the relator's motion for a peremptory writ of mandamus.

*Joseph J. Myers*, for the appellant.

*James McKeen*, for the respondent.

GOODRICH, P. J.:

The relator applied for a peremptory writ of mandamus commanding the respondent, as fire commissioner of the city of New York, " to carry into effect, execute and enforce the provisions of the Labor Law  *  *  *  and to so regulate the rules and regulations of the fire department so that engineers and firemen thereof shall not be assigned to more than eight hours duty in any one calendar day." The petition alleges that the relator is a " fireman of the first grade, a driver in the fire department " of the city.    It is somewhat difficult to discover any status of the relator which authorizes his application for a writ to correct, not merely the specific wrong which he claims to have been inflicted upon him, but the general grievances of all engineers and firemen in the department.    But in the view which we take of the matter it is unnecessary to consider this subject.    Mr. Justice GAYNOR, before whom the proceeding was heard at Special Term, held " that the firemen of this city are not within the words or the intention of the statute prescribing eight hours as a day's work for the ' workmen, laborers or mechanics ' on public works of cities, nor are they ' employees ' within the meaning of such statute," and denied the relator's application, and appeal comes to this court.

The relator's claim is that he is an employee of the fire department of the city of New York, within the provision of the Labor Law (Laws of 1897, chap. 415), which reads as follows: " § 2. Definitions. — The term employe, when used in this chapter, means a mechanic, workingman or laborer who works for another for hire." Section 3, as amended by chapter 298 of the Laws of 1900, reads:

" § 3.  Hours to constitute a day's labor.— Eight hours shall constitute a legal day's work for all classes of employees in this State except those engaged in farm and domestic service unless otherwise provided by law.    This section does not prevent an agreement for overwork at an increased compensation, except upon work by or for the State or a municipal corporation or by contractors or subcontractors therewith.    Each contract to which the State or a municipal corporation is a party which may involve the employment of laborers, workmen or mechanics shall contain a stipulation that no laborer, workman or mechanic in the employ of the contractor, subcontractor or other person doing or contracting to do the whole or

a part of the work contemplated by the contract shall be permitted or required to work more than eight hours in any one calendar day, except in cases of extraordinary emergency caused by fire, flood or danger to life or property. The wages to be paid for a legal day's work as hereinbefore defined to all classes of such laborers, workmen or mechanics upon all such public works or upon any material to be used upon or in connection therewith shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the State where such public work on, about or in connection with * such labor is performed in its final or completed form is to be situated, erected or used. Each such contract hereafter made shall contain a stipulation that each such laborer, workman or mechanic employed by such contractor, subcontractor or other person on, about or upon such public work shall receive such wages herein provided for. Each contract for such public work hereafter made shall contain a provision that the same shall be void and of no effect unless the person or corporation making or performing the same shall comply with the provisions of this section ; and no such person or corporation shall be entitled to receive any sum, nor shall any officer, agent or employee of the State or of a municipal corporation pay the same or authorize its payment from the funds under his charge or control to any such person or corporation for work done upon any contract which in its form or manner of performance violates the provisions of this section, but nothing in this section shall be construed to apply to persons regularly employed in State institutions, or to engineers, electricians and elevatormen in the department of public buildings during the annual session of the Legislature."

I have quoted the entire language of the section in order that two things may clearly appear : *First.* Section 3 refers only to an employee as defined by section 2, that is, " a mechanic, workingman or laborer who works for another for hire." *Second.* The word " contract " as used in three of the sentences in the section indicates clearly that the section relates to cases where a contract is made with a State or municipal corporation, and under it mechanics, workingmen or laborers are employed by the contractor or any subcontractors and not to persons who hold offices or positions in the public service.

---

*\* Sic.*

It is obvious that the Legislature did not intend to include the uniformed members of the fire department within the act when in the definition of the 2d section it limited its application to a mechanic, workingman or laborer " who works for another for hire." The word " hire " evidently does not relate to public officers or others holding positions under the city, who are included in the classified lists of the Civil Service Law, such as the uniformed members of the fire department who are appointed to position after rigid examination and from competitive lists. No contract of hiring is made with them. They receive annual salaries, not wages, either in the common or legal acceptation of the term. Under section 737 of the charter they receive a " warrant of appointment signed by the fire commissioner." Under section 738 they take an oath of office. Under section 736 they are also exempt from jury duty and from arrest on civil process and while on duty from service of subpoenas from civil courts. Under other sections they are graded in rank, receive salaries according to such rank and become entitled to pensions under certain conditions. These rights and privileges clearly differentiate them from laborers working for hire.

To hold otherwise would compel an increase of the fire force two or three times greater than its present membership. We cannot construe a statute so as to effectuate such a result unless its language compels us so to do.

In construing an act its purpose and the reason for its passage must be taken into consideration. The case of *Holy Trinity Church* v. *United States* (143 U. S. 457) is authority upon this principle of statutory construction. Dr. Warren, an English clergyman, had come to this country from England under a contract to render service to the Church of the Holy Trinity as its rector. It was held that while the contract was within the letter of the 1st section of the United States Labor Law (23 U. S. Stat. at Large, 332, chap. 164) which prohibits " the importation and migration of foreigners and aliens under contract or agreement to perform labor in the United States," the act was not intended to and did not apply to such a contract as that under consideration.

There is no doubt that the Labor Law of 1900 was passed in order to extend to employees of the State similar protection to that which was afforded all mechanics, workingmen and laborers under

chapter 856 of the Laws of 1867. Referring to that act, it will be seen that it did not refer in terms to an employee of the State or of a municipal corporation, and that the word "hire" was not used in it. Nor did the act of 1870 (Chap. 385), entitled "An act to regulate the hours of labor of mechanics, workingmen and laborers in the employ of the State, or otherwise engaged on public works," use the word "hire," though it extended the eight-hour limit to mechanics, workingmen and laborers employed by the State or a municipal corporation or by contractors therewith. If there was any doubt of the meaning of the act of 1870, the addition of the words "who works for another for hire" in the 2d section of the Labor Law clears up all question as to the persons referred to in section 3 of that law.

It seems entirely clear that the learned justice at Special Term was right in holding that the firemen of this city are not within the words or the intention of the statute. The relator is neither a mechanic, workingman or laborer for hire as defined in the Labor Law.

The order should be affirmed, with costs.

BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

O    r affirmed, with ten dollars costs and disbursements.