JOHNSON v. MANHATTAN & QUEENS TRACTION CORPORATION.

(Supreme Court, Appellate Division, Second Department.   May 29, 1914.)

1. EVIDENCE (§ 67*) — RAILROADS (§ 22*) — PRESUMPTION — CONTINUANCE OF RESIDENCE—JURISDICTION OVER RAILROAD COMPANY.

Under Laws 1899, c. 320, giving the county court jurisdiction over a railroad where any part of the road operated by it is within the county, thereby making it a resident of a county within which it operates, a complaint, averring that at all times therein mentioned the defendant road operated a road in Q. county, was sufficient to show residence in that county, since a fact once shown is presumed to continue.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 87, 88, 103; Dec. Dig. § 67;* Railroads, Cent. Dig. §§ 46–50; Dec. Dig. § 22.*]

2. RAILROADS (§ 24*) — ACTIONS AGAINST — SERVICE OF SUMMONS — PLACE — RESIDENCE.

Under Laws 1899, c. 320, giving the county court jurisdiction over a railroad where any part of the road operated is within a county, and Code Civ. Proc. § 347, providing that when the jurisdiction of the county court arises from the residence of the defendant, such defendant may be served with process in any county, the jurisdiction of the county court of Q. county arose from defendant railroad's residence therein, and not from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the place of service of summons, and hence a service in N. Y. county gave jurisdiction to the county court of Q. county.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 52–56; Dec. Dig. § 24.*]

Appeal from Queens County Court.

Action by Alfred Johnson against Manhattan & Queens Traction Corporation. Judgment for defendant, and plaintiff appeals. Reversed and new trial ordered.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

G. J. Martin, of Long Island City, for appellant.
Robert S. Sloan, of New York City, for respondent.

PUTNAM, J. [1, 2] As Laws of 1899, c. 320, gave jurisdiction over a railroad corporation "where any portion of the road operated by it is within the county," such a railroad corporation is thereby made a resident of the county within which it operates. While the complaint does not aver that the defendant "now" operates a road in Queens county, the words "at all times herein mentioned" are sufficient within the rule that facts once shown are presumed to continue. When the jurisdiction of the county court arises from the residence of the defendant, such a defendant may be served with process in any county of the state. Code Civ. Proc. § 347. As the county court's jurisdiction here arose from the defendant's residence, and not from the place of service of the summons, service in New York county gave jurisdiction.

The judgment of the county court of Queens county reversed, and a new trial ordered; costs to abide the event. All concur.