Patrick McNulty, Appellant, v. The City of New York, Respondent.

Labor Law — provision that wages paid to workmen employed on public works shall not be less than the prevailing rate for a legal day's work in the same trade or occupation — no application to mechanic who is a member of the fire department of New York city subject to call at any time within the twenty-four hours.

1. The statute (Labor Law, § 3, now § 220; Cons. Laws, ch. 31) which provides that wages to be paid for a legal day's work of eight hours to all laborers, workmen or mechanics employed upon public works shall not be less than the prevailing rate for a day's work in the same trade or occupation, applies only to wages for a legal day's work. It should not be extended to cover compensation for work to be performed at no regular hours, but whenever necessary. Such work cannot be measured in terms of eight-hour days and compensation paid for it does not constitute wages for a day's work.

2. Plaintiff is a member of the fire department of New York city, subject to call at all hours, and he is on duty at any time within the twenty-four hours when necessary. It would be unreasonable to hold that the statute applied to a mechanic who is not employed for regular hours but to respond to a call for service when necessary. The statute in question has no application to his case.

*McNulty v. City of New York*, 206 App. Div. 487, affirmed.

(Argued February 21, 1924; decided April 1, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1923, which reversed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff and directed a dismissal of the complaint.

*Francis X. Carmody* and *Maurice Breen* for appellant. The fact that the position held by the plaintiff is in the " labor class " of the classified civil service does not affect his right to the prevailing rate of wages under the Labor Law. (*Story* v. *Craig*, 231 N. Y. 33; *People ex rel. Bedford* v. *Williams*, 56 Misc. Rep. 296.) The plaintiff is a laborer, workman or mechanic within the provisions of subdivision 3 of section 220 of the Labor Law. (*McEvoy* v. *City of New York*, 52 App. Div. 485; *Wright* v. *State*, 223 N. Y. 44; *Ryan* v. *City of New York*, 177 N. Y. 271; *McCunney* v. *City of New York*, 40 App. Div. 482; *Palmer* v. *Van Santvoord*, 153 N. Y. 612; *Matter of Stryker*, 158 N. Y. 526; *People* v. *Interborough Rapid Transit Co.*, 169 App. Div. 32; *Farnum* v. *Harrison*, 167 App. Div. 704; 218 N. Y. 672; *Hitchcock* v. *Pagenstecher*, 198 App. Div. 511; *Hopkins* v. *Cromwell*, 89 App. Div. 481; *Gay* v. *Hudson River Electric Power Co.*, 178 Fed. Rep. 499; *Stanley Works, Inc.*, v. *Gourland Typewriter Mfg. Co., Inc.*, 278 Fed. Rep. 995.) The word " hire " was used by the legislature in defining the term " employee " in the sense of compensation or reward for sevices rendered by a mechanic, workingman or laborer, and it makes no difference whether it is measured by the day, month or year, or whether it is called " salary " or " wages." (*Martin* v. *Ins. Co.*, 148 N. Y. 117; *Watson* v. *Gugino*, 204 N. Y. 535; *Leifer* v. *Scherman*, 179 App. Div. 665.) The term " wages " as used in section 3 of the former Labor Law and in section 220 of the present act means the compensation paid

to laborers, workmen or mechanics for services as such, and such •compensation cannot, as matter of law, be anything else but "wages." (*People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1; *Walsh* v. *City of Albany*, 32 App. Div. 128.) The fixing of a rate per annum by the board of estimate and apportionment for the position of wireman held by the plaintiff does not affect his right to the prevailing rate of wages. (*Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *People ex rel. Cropsey* v. *Hylan*, 199 App. Div. 218; 232 N. Y. 601; *Matter of College of City of New York* v. *Hylan*, 205 App. Div. 372; 236 N. Y. 594; *Wright* v. *State*, 223 N. Y. 44; *Ryan* v. *City of New York*, 177 N. Y. 271; *Langston* v. *United States*, 118 U. S. 389; *Matter of Meyer*, 209 N. Y. 386.)

*George P. Nicholson, Corporation Counsel* (*John F. O'Brien, Willard S. Allen* and *George E. Draper* of counsel), for respondent. Appellant's status is not such as subdivision 3 of section 220 of the Labor Law contemplates. (*People ex rel. Sweeney* v. *Sturgis*, 78 App. Div. 460.)

LEHMAN, J. The plaintiff was appointed on May 1st, 1919, to the position of wireman in the fire alarm telegraph bureau. The compensation to be paid to the holder of this position was included in the budget for the year 1921 and fixed by resolution of the board of estimate and apportionment at the "rate per annum" of $1,823. He has been paid compensation at this rate from January 1st, 1921, to September 15th, 1921, but he signed the semi-monthly payroll under protest and claimed that under the Labor Law he was entitled to wages for each day's work at the prevailing rate for a day's work in the same occupation in the city of New York. The present action is brought for the difference between such wages and the compensation received for work performed during that period.

Section 3 of the Labor Law (Cons. Laws, ch. 31) (now

section 220) provided in part: " the wages to be paid for a legal day's work as hereinbefore defined to all classes of such laborers, workmen or mechanics upon all such public works  *  *  *  shall not be less than the prevailing rate for a day's work in the same trade or occupation." It is not disputed that the plaintiff was employed on " public works," within the meaning of those words as used in the statute. He was required to do " wiring " in connection with the repair and maintenance of the fire alarm system in charge of the fire alarm telegraph bureau of the fire department, including the fire alarm boxes in the engine houses of the fire department and in schools and public hospitals. His work is that of a mechanic and the statute provides that the wages to be paid for " a legal day's work as hereinbefore defined " to " mechanics " shall not be less than the prevailing rate for a day's work in the same occupation; and in the same section of the statute it is provided that " eight hours shall constitute a legal day's work." The plaintiff may, therefore, maintain this action if the compensation affixed to his position results in the payment to him of *lower wages for a day's work of eight hours* than the wages provided in the statute.

The mere fact that the city has fixed the compensation at an annual rate does not in itself preclude the plaintiff from claiming that the compensation is lower than the statute permits. The plaintiff's position is classified in the labor class to which appointment is made from lists of applicants without competitive examination, preference being given according to date of application (Civil Service Law [Cons. Laws, ch. 7], §§ 12 and 18); and the proper authorities of the city of New York may under the provisions of the charter of the city fix the compensation to be paid to him but they may not fix that compensation at a lower rate than permitted by the Labor Law. The compensation paid to a member for a legal day's work constitutes " wages," even though it be fixed at a weekly, monthly or annual rate instead of a per diem rate and though for

some purposes and in some contexts it may properly be called salary. If under the statute eight hours constitutes a legal day's work for the plaintiff, then the city must pay him wages for such a day's work at not less than the prevailing rate; and compensation however fixed which results in the payment of lower wages for a legal day's work is not in accordance with the statute. (*Wright* v. *State of New York,* 223 N. Y. 44.)

The statute, however, applies only to wages for a *legal day's work of eight hours* and it can have no application to compensation for services other than such a day's work. The plaintiff is a member of the fire department and, even though not a member of the uniformed force, he is subject to call at all hours, and according to his own testimony he is on duty at any time within the twenty-four hours when necessary. The legislature has provided that eight hours shall constitute a legal day's work for mechanics; but it would be unreasonable to hold that it intended this provision to apply to a mechanic who is not employed for regular hours but to respond to a call for service when necessary. The statute by its terms applies only to wages paid for a *legal day's work.* It should not be extended to cover compensation for work to be performed at no regular hours but when necessary. Such work cannot be properly measured in terms of eight-hour days and compensation paid for it, therefore, does not constitute wages for a day's work.

For these reasons the judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.