FREDERICK B. MANNING, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, April 29, 1933.

*Maurice Breen*, for the plaintiff.

*Arthur J. W. Hilly, Corporation Counsel* [*George H. Cowie* of counsel], for the defendant.

GENUNG, J. This action was instituted under the prevailing rate of wage provisions of the Labor Law (§ 220, subd. 3) to recover the sum of $251.60, being the difference between what plaintiff received as a cable splicer in the fire department and the prevailing rate of wages as an electrician or electrical worker, from July 1, 1929, to September 30, 1929. During this period the plaintiff was employed by the defendant on seventy-five days, and was paid therefor at the rate of ten dollars per day, leaving a balance due for each day of three dollars and twenty cents, the difference between ten dollars, the rate paid, and thirteen dollars and twenty cents, the prevailing rate of wages.

It has been determined that the Labor Law (§ 220, subd. 3) applied to city employees as well as to employees of contractors doing municipal work. (*McAvoy* v. *City of New York*, 52 App. Div. 485; affd., 166 N. Y. 588), and that city employees receiving a wage calculated on an annual basis are wage-earners within the meaning of the statute, with the same rights as those receiving their pay weekly. (*McNulty* v. *City of New York*, 238 N. Y. 29.) It has been conceded that similar claims were approved and paid by the comptroller prior to July 1, 1929, and these payments would not only seem to constitute an admission by the city, almost conclusive in favor of the plaintiff, but also to establish his status for a period antecedent to the period under review. Until the defendant proves that there has been some change in his status, it will be presumed to continue. (*Johnson* v. *Manhattan & Queens Traction Corp.*, 162 App. Div. 753; *Gaston & Co., Inc.*, v. *All Russian, etc.*, 221 id. 732; *O'Gara* v. *Eisenlohr*, 38 N. Y. 296.)

The Labor Law (§ 220, subd. 3) should be construed liberally. It was said by CARDOZO, Ch. J.: " The present statute is an attempt by the State to hold its territorial subdivisions to a standard of social justice in their dealings with laborers, workmen and mechanics. It is to be interpreted with the degree of liberality essential to the attainment of the end in view." (*Austin* v. *City of New York*, 258 N. Y. 113.) There is no question that the plaintiff comes within the classification of " laborers, workmen and mechanics."

The testimony establishes and the court finds that the plaintiff performed the work of electrician or electrical worker, and is entitled to recover the prevailing rate of wages in the electrical trade. The test seems to be not the grade or position the plaintiff holds, but the nature of the duties he performs. Applying this test to testimony presented, the plaintiff is entitled to the compensation demanded and as heretofore paid by the city.

The plaintiff, therefore, is entitled to recover the sum of $251.60, with interest from October 1, 1929. Five days' stay.