JOHN J. DOYLE, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, Second Department, ——— —, ——.

*Reginald Field,* for the appellant.

*Arthur J. W. Hilly, Corporation Counsel [Henry J. Shields* of counsel], for the respondent.

CROPSEY, J. The judgment herein has heretofore been affirmed by this court. The plaintiff now seeks leave to reargue. He raises no new point and does not claim that any point originally made was overlooked by the court but merely urges that the decision made was erroneous.

The judgment of the trial court, finding for the defendant and dismissing the complaint, could properly be sustained upon the facts as they were found below. There is, however, another ground upon which we think the affirmance also could be predicated; and as we have been advised that there are pending a number of other cases involving the same or similar questions, it is deemed proper to point out what that other ground is.

The action is to recover the prevailing rate of wage under section 220 of the Labor Law. The plaintiff is in the employ of the defendant, the city of New York. He was employed originally as an electrical inspector in the fire department of the city and has continued in that position to the present time. He does not claim that the pay he has been receiving is not the prevailing rate of wage for an electrical inspector but does claim that the work he has been doing was that of an electrician and he seeks the prevailing pay for the latter, which is more than he has been receiving. The trial court found that the work done by the plaintiff was that of an electrical inspector and not that of an electrician. As already stated, this finding required that the complaint be dismissed. But if the finding had been to the effect that the work that the plaintiff was doing was such as an electrician performs, still we think his complaint should have been dismissed.

The plaintiff is in the competitive class of the civil service and before his appointment as an electrical inspector he had passed an examination and had been selected from the eligible list. It was conceded that he never had been appointed an electrician and that he never had taken the civil service examination to qualify as an electrician, and it was undenied that the position of electrician was also in the competitive class and that the examination prescribed for it was materially different and more difficult than that for electrical inspector.

According to plaintiff's contention, he was doing the work of an electrician and, therefore, should be paid the wages generally paid to such an artisan. This contention necessarily means that an employee could compel the city to pay him the wages of an electrician although he had never qualified for such a position and had not been appointed to it, and the civil service regulations required an employee holding such a place to pass the prescribed examination and to be selected from the list. The mere statement of this contention and its results seem to show that it is lacking in merit. It is not helpful to say that the plaintiff offered evidence to show that he was qualified as an electrician. That does not entitle any one to be appointed to the position of electrician unless he has passed the required examination and been appointed pursuant to the civil

service regulations. There might be little left of the civil service provisions if plaintiff's contention were upheld.

Persons can be appointed to certain positions only after passing civil service examinations. This is provided for by the Constitution, article 5, section 6, and by the Civil Service Law (Laws of 1909, chap. 15). Section 8 of the latter prescribes that no official having the power of appointment shall select any one except in accordance with the provisions of that law and the rules and regulations prescribed thereunder. Section 14 prescribes that appointments in the competitive class shall be made from those graded highest in open competitive examination conducted by the Civil Service Commission, except as otherwise provided, and that no person shall be appointed or employed under any title not appropriate to the duties to be performed. Section 16 provides that vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade, and that such promotion shall be based upon merit and competition. This section also provides that no person shall be promoted or transferred to a position for original entrance to which there is required an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position. Section 19 provides that no person shall be appointed to or employed in any position in the classified service unless he has passed an examination or is shown to be especially exempted from such examination in conformity with the Civil Service Law and the rules made in connection therewith. Section 20 requires the Civil Service Commission to notify the Comptroller if any person has been transferred or assigned to perform duties in violation of law, and in such case the Comptroller is directed not to make any payment to such person.

The position of electrician is not only in the competitive classification but the examination for it imposes higher essential tests than the examination for electrical inspector, and plaintiff, never having qualified as an electrician, could not have been appointed as such. This being so, it cannot be held that he is entitled to the pay of an electrician. To hold otherwise would be in effect an approval of an appointment improperly and illegally made. The prevailing rate of wage law was not intended to enable persons to avoid the provisions of the Civil Service Law. It was only meant to give to an employee the prevailing wage for the position to which he legally should be appointed.

The result would be the same if the positions in question were not in the competitive class. (*McCunney* v. *City of New York*, 40 App. Div. 482; *Farrell* v. *City of Buffalo*, 118 id. 597.)

In the *McCunney Case* (*supra*) the plaintiff sought to recover the prevailing rate of wage of a painter and varnisher. Having passed the civil service examination as a varnisher, he applied for a position in that capacity in the street cleaning department. He was told there were no vacancies for such position but that he could have the position of driver. This latter position he accepted and he was put upon the list of drivers. He received the pay fixed for drivers for a period of some months and until he was appointed a mechanic's helper, and received the pay of that grade until his employment ceased. Plaintiff there claimed that, although he was appointed a driver, in fact he was set at the work of a painter and was entitled to the pay of the latter. The court ruled against his contention, saying: " If he [plaintiff] enters into a contract with the city, by which he accepts an entirely different position, the rate of pay for which is fixed by law, he is bound by that rate of pay, although he may be detailed for some other work during the time that his services in the position to which he was appointed are not required."

In the *Farrell Case* (*supra*) the plaintiff brought a similar action. He had been appointed as a laborer in the street cleaning department and received the pay fixed for that work. During a considerable time of his employment, however, he had acted in the capacity of foreman. The pay of foreman was more than he had received. He, however, never had been appointed foreman nor in any manner been designated as such. Holding that the plaintiff was not entitled to the pay of a foreman, the court said: " The rule contended for by the respondent would lead to the greatest abuse and open the way for ' graft,' favoritism and peculation in the administration of the municipal governments of the State. * * * It seems to me a dangerous proposition that a laborer may perchance voluntarily and from choice perform the duties of one or the other of the classes of employees whose compensation is greater than his without any appointment or designation to such position, continue to receive the wages of a laborer for the services rendered without protest or complaint, except to say that he thinks he should have more, and after he is discharged from the employment of the municipality recover from it the same compensation which he would have been entitled to receive had he been regularly appointed to such higher position. * * * A common laborer, who is hired to work for a city for one dollar and fifty cents per day, cannot become foreman, inspector or superintendent, and thus entitled to receive double

or perhaps triple wages, simply by the performance of the duties of such position."

Plaintiff relies mainly upon *Austin* v. *City of New York* (258 N. Y. 113). The question decided there, as the opinion states, was whether the plaintiff was a laborer, workman or mechanic within the meaning of the prevailing rate of wage statute. There the plaintiff was a bridgeman and riveter, and was assigned to act as foreman, although even when so acting he was required when necessary to do the work of a bridgeman or riveter. The court held that he was within the statute and was entitled to recover a foreman's pay. The propriety of his appointment as foreman was not questioned. Furthermore, the case did not deal with the civil service provisions above referred to.

The motion for leave to reargue or for leave to appeal to the Appellate Division is denied, with ten dollars costs.

FABER and LEWIS, JJ., concur.