FREDERICK B. MANNING, Respondent, *v.* THE CITY OF NEW YORK, Appellant.*

Supreme Court, Appellate Term, First Department, January 22, 1934.

*Arthur J. W. Hilly, Corporation Counsel [Henry J. Shields, George H. Cowie* and *J. Joseph Lilly* of counsel], for the appellant.

*Maurice Breen,* for the respondent.

LEVY, J. The plaintiff is a cable splicer in the bureau of fire alarm telegraph of the city of New York, appointed from a civil service list. He claims to be performing the duties of an electrician and the court below has so found. The position of electrician, however, is in the competitive class under the civil service rules. and plaintiff never qualified for that position. In fact, he failed to pass an examination for electrician. The trial court having found that he was actually performing the duties of electrician and that the pay received by him was below the prevailing rate of wages paid to mechanics of this class, held that he was entitled to recover the difference.

We should not be disposed to interfere with these findings were it not that appellant invokes a question of law which is said to be controlling against the plaintiff. This rule was iterated in the recent case of *Doyle* v. *City of New York* (148 Misc. 503). There a person appointed from a civil service list of electrical inspectors claimed to have performed the duties of an electrician, for which he had never qualified by civil service examination, and sought to recover the

---

prevailing rate of that labor class. The court there held that the mere performance of the duties of a position, even though in the labor class, for which the incumbent had not qualified under the civil service rules, did not entitle him to the pay of that rank. The court further observed: " To hold otherwise would be in effect an approval of an appointment improperly and illegally made. The prevailing rate of wage law was not intended to enable persons to avoid the provisions of the Civil Service Law. It was only meant to give to an employee the prevailing wage for the position to which he legally should be appointed." But section 220 of the Labor Law, under which the action is brought, provides that " The wages to be paid for a legal day's work * * * to laborers, workmen or mechanics upon such public works * * * shall be not less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work * * * is performed."

For purposes of this discussion it may be assumed that plaintiff is a workman within the class specified in the statute and that he has received less than the prevailing rate for a day's work. Is the section of the Labor Law which provides for prevailing rate of wages to be deemed to supersede the rather rigid requirements of the Civil Service Law? The Appellate Term of the Second Department has held otherwise. An independent consideration of the question requires an inquiry into the purpose of the mandate contained in section 220. In *Austin* v. *City of New York* (258 N. Y. 113, 117) Chief Judge CARDOZO thus explained the purpose of that enactment: " The present statute is an attempt by the State to hold its territorial subdivisions to a standard of social justice in their dealings with laborers, workmen and mechanics. It is to be interpreted with a degree of liberality essential to the attainment of the end in view." Possibly the purpose of the statute is also to prevent the State from becoming a factor in lowering the wage public work * * * is performed."

Judged by the standard of social justice, we cannot say that there has been an attempt at overreaching on the part of the city. The plaintiff accepted a position at an annual salary. He has received the usual vacation with pay and he is a beneficiary in the employees retirement fund. But it may be urged, notwithstanding all these benefits, that he is nevertheless entitled to be paid the prevailing rate for his labor. The difficulty is that if he claims the pay of an electrician, he has failed to show that he was duly appointed to that position. If plaintiff's claim is upheld, it may open the door to violations of the Civil Service Law due to the fact that a person having qualified for one position might be assigned to another in

order to give him a basis to demand the higher rate of wages prevailing in the new position. It is a fundamental rule of the civil service that no one may lay claim to compensation for a position unless he has been appointed to it after due qualification.

It may be that the city ought not to take advantage of an employee by making him do work of a higher rank, without giving him the higher pay. The essential grievance, however, in such a case would be not that of the particular employee, but, forsooth, that of others on the list who are qualified but denied appointment.

There is nothing in *Austin* v. *City of New York* (*supra*) which would tend to support plaintiff's position. We have examined the record on appeal in that case and find that the bridgeman and riveter who was assigned to act as foreman and claimed the prevailing rate of wages payable to such, had actually and duly been assigned to the duties of that office. The only question litigated there was whether a foreman came within the classification of mechanics under section 220 of the Labor Law. It seems to have been conceded that the plaintiff had been duly qualified for the position of foreman.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

LYDON and CALLAHAN, JJ., concur.