JOHN E. WOOD, Appellant, *v.* CITY OF NEW YORK, Respondent.

Argued March 24, 1937; decided April 27, 1937.

*Thomas P. Mackey, Thomas J. Kavanagh* and *Maurice Breen* for appellant. The power of a Municipal Civil Service Commission to make rules for the classification of employees does not authorize or sanction the classification of mechanics with reference to the character of duties to be performed in any such manner as to deprive them of their rights under the prevailing rate of wage provisions of the Labor Law (Cons. Laws, ch. 31). (*Story* v. *Craig,* 231 N. Y. 33; *McAvoy* v. *City of New York,* 52 App. Div. 485; 166 N. Y. 588; *Ryan* v. *City of New York,* 177 N. Y. 271; *McCaffrey* v. *State,* 259 N. Y. 159; *Devitt* v. *Schottin,* 248 App. Div. 298; *Lent* v. *City of New York,* 150 Misc. Rep. 291; 242 App. Div. 764.) Sections 14 and 16 of the Civil Service Law (Cons. Laws, ch. 7) do not preclude a recovery by plaintiff. (*People ex rel. Birmingham* v. *Grout,* 45 Misc. Rep. 47.) The Comptroller having found the prevailing rate of wages in the occupation of plaintiff to be $13.20 per day effective February 1, 1929, and defendant having paid that rate to June 30, 1929, such rate continued to be his prevailing rate. (*Ryan* v. *City of New York,* 177 N. Y. 271; *McCann* v. *City of New York,* 52 App. Div. 358; 166 N. Y. 587; *McMahon* v. *Mayor,* 22 App. Div. 113; *Carder Realty Corp.* v. *Perkins,* 237 App. Div. 152; 261 N. Y. 634; *Walsh* v. *City of Albany,* 32 App. Div. 128.) Although appellant was appointed to the position of electrical inspector he was legally assigned to, and required to do, work similar to that of electrician and acquired a civil service status as such by qualifying in the electrician-power house examination, as well as in the examination for inspector of light and power. (*People ex rel. Peters* v. *Adam,* 56 Misc. Rep. 29; 122 App. Div. 898; 190 N. Y. 567; *People ex rel. Webb* v. *Milliken,* 66 Misc. Rep. 192.)

*Paul Windels, Corporation Counsel (Arthur Bainbridge Hoff, Paxton Blair* and *Nicholas Bucci* of counsel), for respondent. Since the plaintiff was appointed an electrical inspector, he could not legally be employed to do

the work of an electrician and cannot gain any right to additional salary from such illegal work. (*Farrell* v. *City of Buffalo*, 118 App. Div. 597; *Doyle* v. *City of New York*, 148 Misc. Rep. 503; *Manning* v. *City of New York*, 150 Misc. Rep. 292; *McCunney* v. *City of New York*, 40 App. Div. 482; *New York City Employees' Retirement System* v. *Eliot*, 267 N. Y. 193; *Lord & Burnham Co.* v. *City of New York*, 251 N. Y. 198.) Since plaintiff did not prove any prevailing rate of wage for electrical inspectors, judgment for defendant was proper. (*Dunphy* v. *State*, 264 N. Y. 429; *McCaffrey* v. *State*, 259 N. Y. 159; *Falco* v. *N. Y., N. H. & H. R. R. Co.*, 161 App. Div. 735; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24; *Matter of Ihrig* v. *Williams*, 181 App. Div. 865; 223 N. Y. 670.) Section 220 of the Labor Law does not apply to positions in the competitive class of the civil service. (*McAvoy* v. *City of New York*, 52 App. Div. 485; 166 N. Y. 588; *Austin* v. *City of New York*, 258 N. Y. 113; *People ex rel. Sweeney* v. *Sturgis*, 78 App. Div. 460; 175 N. Y. 470; *McNulty* v. *City of New York*, 238 N. Y. 29.)

CRANE, Ch. J. On January 23, 1928, the appellant was appointed to the position of electrical inspector of light and power, grade 3, in the Fire Department of the city of New York. His yearly salary was $2,160, which he claims was at the daily rate of $7.78 for the number of days he worked during the year. Insisting that the prevailing rate for electricians was $13.20 per day, Wood has sued the city to recover the difference between $7.78 and $13.20 a day for the days he worked in the Fire Department from June 30, 1929, to June 30, 1934, the period covered by the action. From January 1, 1933, to June 30, 1934, the salary was $2,025, a slight change due no doubt to the uniform reductions in salaries during the financial depression.

Section 220 of the Labor Law (Cons. Laws, ch. 31) enacts that eight hours shall constitute a legal day's work for all classes of employees in this State except those

engaged in farm and domestic services. Subdivision 3 requires: " The wages to be paid for a legal day's work, as hereinbefore defined, to laborers, workmen or mechanics upon such public works, shall be not less than the prevailing rate of wages as hereinafter defined."

Although the section apparently refers only to contracts and contractors with the State it has been held to apply to the laborers, workmen and mechanics in the employ of the State. (*McAvoy* v. *City of New York*, 52 App. Div. 485; affd., 166 N. Y. 588.)

As the point has not been directly raised and passed upon, most of the cases being those of the laboring class, no particular notice has been taken of the difference between non-competitive and competitive positions. (*Austin* v. *City of New York*, 258 N. Y. 113; *McCaffrey* v. *State*, 259 N. Y. 159; *McNulty* v. *City of New York*, 238 N. Y. 29, 32.) That this section of the Labor Law has reasonable limitations dependent upon the circumstances was stated in the *McNulty* case, wherein it was held inapplicable to a wireman in the fire alarm telegraph bureau who was to respond to a call for service when necessary. He was a mechanic in the labor, not the competitive class. " He was required," said this court, " to do ' wiring ' in connection with the repair and maintenance of the fire alarm system in charge of the fire alarm telegraph bureau of the fire department, including the fire alarm boxes in the engine houses of the fire department and in schools and public hospitals. * * * The plaintiff is a member of the fire department and, even though not a member of the uniformed force, he is subject to call at all hours, and according to his own testimony he is on duty at any time within the twenty-four hours when necessary." That section 220 does not apply to the uniformed men of the Fire Department, see *People ex rel. Sweeney* v. *Sturgis* (78 App. Div. 460).

Wood was appointed to his position as inspector of light and power, grade 3, after passing the civil service examination required by the Municipal Civil Service

Commission. The duties of inspector were described by the Commission as follows: "To inspect lighting, wiring, electrical apparatus, appliances, fixtures and motors in public buildings; to inspect all electrical installations and connections for conformity with the electrical code." The requirements were: "Candidates must present evidence of having had at least three years experience as journeyman electricians, installing motors, transformers and switchboards." *Salary:* Grade 3, $2,160 to but not including $2,760 annually.

Electricians generally, "journeymen electricians," doing all classes and kinds of electrical work as directed, receive as a prevailing rate of wage $13.20 per day. For the 278 days which the plaintiff worked in a year this would make his salary for the year $3,669, far above the limit of his grade 3, which was $2,760. He claims the larger amount under the plea that the Civil Service Law (Cons. Laws, ch. 7) must not stand in the way of the Labor Law. Both statutes, however, find their authority in the Constitution and must be harmonized. (N. Y. Const. art. V, § 6, civil service; and art. XII, § 1, regulation of wages and hours of labor.) Under these provisions of the Constitution employment in the civil service *must* be by competitive examination as far as practicable. Should the Legislature fail to enact laws to carry out this requirement, this court intimated in *Chittenden* v. *Wurster* (152 N. Y. 345) that the constitutional provision would be enforced by the courts. The labor provision of the Constitution, however, is merely *permissive.* "And the Legislature *may* regulate and fix the wages or salaries, the hours of work or labor," etc. This does not permit the Legislature to pass a labor law conflicting with the constitutional provision requiring competitive examination for civil service. There is force in the argument that section 220 of the Labor Law was not intended to apply to competitive positions. If the appellant's theory were correct the State and City Civil Service Commissions would be unable to classify any positions coming under a

generic name like electricians, carpenters, iron workers, engineers, and the like. The fact that the competitive class of the civil service has been graded according to the particular work required, and the salary paid, maximum and minimum, without challenge ever since the Civil Service Law was enacted indicates that the prevailing rate law was never thought to be an invasion, a disruption of all civil service regulations. No classification could be made or executed which varied each year and with each locality.

The Municipal Civil Service Commission had graded inspectors, as above stated. Wood passed his examination and was appointed inspector. Another grade or class was called electrician (power house), men of *five* years' experience, who took a different examination and who were expected to do all the manual work. The duties were these: " Include the installation, repairs or replacement of switchboards, fixtures, motors, dynamos, fans and all types of electrical appliances as well as wiring conduits and lamps."

Although Wood had subsequently passed the examination for electrician (power house) he had never been appointed to such position. He seeks, however, the prevailing rate of such work because as inspector he also at times did electricians' work. The Civil Service Law cannot be evaded by mere change of employment or work. (*Farrell* v. *City of Buffalo*, 118 App. Div. 597.) Section 14 of that law would then have little or no effect. Section 14 reads: " No person shall be appointed or employed under any title not appropriate to the duties to be performed, and no person shall be transferred to, or assigned to perform the duties of, any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position, or unless he shall have served with fidelity for at least three years in a similar position." Section 16 of the Civil Service Law

prohibits ·promotions or transfers without examination for the position.

As stated above, Wood was never appointed to the position of an electrician (power house).

The civil service provisions of the Constitution and of the law were intended as a protection for the public and all the employees in the civil service as well as security for the individual employee.

John L. Flagg, president of the Watson Flagg Engineering Company, electrical contractors, testified as a witness for the plaintiff. He explained the position of inspector. " We always make our own test on completion, and when we are sure we have the installation right then we call for the City inspection, and then the City has its own inspectors come and make tests along with our men, and they pass on the work finally."

The chief of the Bureau of Fire Alarm Telegraph, New York, testified that the bureau maintains the department fire alarm system and that Wood's duty was to inspect the installation and make tests to show that the installation was properly functioning. In addition he did a certain amount of manual work necessary to show the C. W. A. employees how to do the work required, and when necessary he did the manual work of connecting the cables to the fire alarm system. " Q. All the men in your bureau are subject to call at any time of the day, isn't that so? * * * A. Yes, that is understood, that everybody in the Telegraph Bureau is on call at any hour. * * * It is as intricate an electrical system as you will find anywhere in the City of New York. We have all types of equipment, signal and power equipment, radio equipment. We have equipment of every electrical nature except possibly the medical X-ray."

Prof. Frank E. Canavaciol and other witnesses make it quite clear that an inspector's work is quite distinct and different from an all-round electrical worker.

The plaintiff was appointed electrical inspector of light and power, grade 3, for which he received a salary

of $2,160 per annum with continued pay during vacation; he is a member of the New York City Employees' Retirement System. He has not been appointed to the class or grade of electrician (power house). There has been no attempt to show that the grading of the Civil Service Commission is improper, unfair or a subterfuge. He has received the pay fitting his grade and cannot be taken out of it by reason of the rate of wages prevailing for electricians generally not applicable to " inspectors."

The Comptroller of the city having paid to the plaintiff some time in 1929 the prevailing rate of $13.20 does not justify continuing the mistake. *Lent* v. *City of New York* (150 Misc. Rep. 291; affd., 242 App. Div. 764) has not been followed by the same Appellate Division in this case. *Doyle* v. *City of New York* (148 Misc. Rep. 503, App. Term, 2d Dept.) is in point, and in result meets with our approval.

The judgment should be affirmed, with costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.