FRANCIS MAYSTRIK, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

City Court of New York, Trial Term, New York County, August 27, 1937.

*Martin Siegelbaum*, for the plaintiff.

*Paul Windels, Corporation Counsel*, for the defendant.

RYAN, J. Action to recover the difference between the amount of remuneration received by the plaintiff as a machinist employed in

the fire department of the city of New York, under the title of " acting foreman of automobile machinists," and the prevailing rate of wages for similar services in the automobile machinists' trade from November 1, 1931, to December 31, 1934.

In paragraph fourth of the complaint it is alleged that the plaintiff between the dates mentioned was " regularly employed " as a foreman of automobile machinists, and has performed the requisite duties and has received pay at the rate of ten dollars per day during the period from the 1st day of December, 1931, to December 1, 1932; and at the rate of nine dollars per day during the period from January 1, 1933, to December 31, 1934, for each day on which he worked.

The answer of the defendant (paragraph III) denies said allegation, but admits that plaintiff " was assigned as an acting foreman of automobile machinists at ten dollars per day for the period from November 1, 1931, to December 31, 1932, and at nine dollars per day for the period from January 1, 1933, to December 31, 1934."

The complaint further alleges that the prevailing rate of wages for a legal day's work similar to that performed by the plaintiff during the period from November 1, 1931, to December 31, 1934, was thirteen dollars and twenty cents per day. That allegation is also denied by the defendant's answer.

The case was submitted on an agreed statement of facts and the court finds, as to the facts, as follows:

1. That the plaintiff was appointed to the position of an automobile machinist in the fire department of the city of New York on April 14, 1924, after having passed a non-competitive civil service examination.

2. That the plaintiff was never appointed to the position of foreman of automobile machinists from a civil service list.

3. That the plaintiff was verbally designated to act as acting foreman of automobile machinists by the officer in charge of the fire department repair shops, but that neither the head of the fire department nor the director of the budget, nor the mayor of the city of New York, ever authorized in writing the filling of the vacancy in the position of foreman of automobile machinists from November 1, 1931, to November 5, 1932.

4. That the position of foreman of automobile machinists is classified by the municipal civil service commission in the competitive class.

5. That the essential tests and qualifications for the position of foreman of automobile machinists are different from and higher than those for automobile machinist.

6. That at the times mentioned in the complaint there was in existence a duly promulgated list for the position of foreman of

automobile machinists prepared by the municipal civil service commission.

7. That at the times mentioned in the complaint, the budget of the city of New York contained a provision and an appropriation for only one foreman of automobile machinists in the fire department at the following rates of pay, viz., 1931, eleven dollars per day; 1932, eleven dollars per day; 1933, ten dollars per day, and 1934, ten dollars·per day.

8. That during the year 1931 the position of foreman of automobile machinists became vacant by reason of the death of the incumbent on November 1, 1931, which vacancy remained until November 5, 1932, when an appointment was duly made from a regular civil service list.

9. That the plaintiff passed a promotion competitive examination for foreman of automobile machinists on March 24, 1932, and his name appeared as No. 10 on said list.

10. That up to the time of the expiration of said list on June 2, 1936, five appointments were made therefrom to the position of foreman of automobile machinists and that the name of plaintiff was No. 5 on said list at the date of its expiration.

The questions presented for determination on the above facts are:

1. Can an employee of the city of New York recover under section 220 of the Labor Law, the prevailing rate of wages attached to a position to which (a) he was never appointed in pursuance of sections 14 and 16 of the Civil Service Law, but (b) was " verbally designated " to such position by the officer in charge of the repair shops of the fire department as an " acting foreman."

2. Can the plaintiff recover on the theory that he performed services as a " verbally designated " acting foreman when such services were rendered in violation of Civil Service Law as to filling vacancies by promotion competitive examination and that in justice he should receive the prevailing rate of wages by reason of having performed the services?

As to question No. 1, I am of the opinion that the Labor Law as to the prevailing rate of wages is subservient to the Civil Service Law, and that no recovery may be had by an employee therefor unless as a condition precedent he has obtained the appointment to such position pursuant to the requirements of the Civil Service Law. That proposition was definitely decided in the very recent case of *Wood* v. *City of New York* (274 N. Y. 155), CRANE, Ch. J., writing for the unanimous court, and after considering section 220 of the Labor Law and the constitutional provision in regard to civil service (N. Y. Const. art. V, § 6, on civil service; and art. XII,

§ 1, on regulation of wages and hours of labor), said: " Under those provisions of the Constitution employment in the civil service *must* be by competitive examination as far as practicable. Should the Legislature fail to enact laws to carry out this requirement, this court intimated in *Chittenden* v. *Wurster* (152 N. Y. 345) that the constitutional provision would be enforced by the courts. The labor provision of the Constitution, however, is merely *permissive*. ' And the Legislature *may* regulate and fix the wages or salaries, the hours of work or labor,' etc. This does not permit the Legislature to pass a labor law conflicting with the constitutional provision requiring competitive examination for civil service. * * * Although Wood has subsequently passed the examination for electrican (power house) he had never been appointed to such position. He seeks, however, the prevailing rate of such work because as inspector he also at times did electricians' work. The Civil Service Law cannot be evaded by mere change of employment or work. (*Farrell* v. *City of Buffalo*, 118 App. Div. 597.) "

The *Wood* case, previously referred to, presented facts quite similar to those we find in the case under consideration. Wood was appointed to his position as an electrical inspector in the fire department of the city of New York from an appropriate civil service list at a compensation of seven dollars and seventy-eight cents per diem and sued to recover the prevailing rate of wages allowed an electrician " which he showed was at the rate of thirteen dollars and twenty cents per diem, claiming he had worked as an electrician during the period of time mentioned in his complaint. As in the case at bar, Wood, subsequent to his appointment, had passed the civil service examination for the higher position, that of electrician, but again, and applying the decision in the *Wood* case to the case under consideration, the Court of Appeals states he never was appointed to the higher position, saying: " Although Wood had subsequently passed the examination for electrician (power house) he had never been appointed to such position. He seeks, however, the prevailing rate of such work because as inspector he also at times did electricians' work. The Civil Service Law cannot be evaded by mere change of employment or work."

Similar rulings are found in a number of cases, among which are *McCunney* v. *City of New York* (40 App. Div. 482). In that case the plaintiff passed the examination for varnisher, but was appointed to the position of driver in the street cleaning department and " set at the work of a painter." He sought to recover the prevailing rate of wages as a painter. At page 484 the court by RUMSEY, J., said: " If he enters into a contract with the city by which he accepts an

entirely different position, the rate of pay for which is fixed by law, he is bound by that rate of pay, although he may be detailed for some other work during the time that his services in the position to which he was appointed are not required. * * * When he is employed in a particular capacity, as to which the law has fixed the compensation, he must be paid in that capacity, because the law says so, and the person employing him cannot change the rates which the law gives him or increase the liability of the city towards him by detailing him to perform some other work different from that to which he has been appointed."

*Doyle* v. *City of New York* (148 Misc. 503) is a case where the plaintiff was appointed an electrical inspector but sought the prevailing rate of wage paid an electrician because he had performed such service in the fire department. His claim was rejected in an opinion written by Justice Cropsey who stated (p. 504): " The mere statement of this contention and its results seem to show that it is lacking in merit. It is not hopeful to say that the plaintiff offered evidence to show that he was qualified as an electrician. That does not entitle anyone to be appointed to the position of electrician unless he has passed the required examination and been appointed pursuant to the civil service regulations. There might be little left of the civil service provisions if plaintiff's contention were upheld. * * * The prevailing rate of wage law was not intended to enable persons to avoid the provisions of the Civil Service Law. It was only meant to give to an employee the prevailing wage for the position to which he legally should be appointed." This case was cited with approval in *Wood* v. *City of New York* (*supra*). *Manning* v. *City of New York* (150 Misc. 292) is to the same effect. There the plaintiff was appointed a cable-splicer, and sought to recover the prevailing rate of wage of an electrician on the theory he performed such work in the fire department. The Appellate Term, by Levy, J., said (p. 293), " The difficulty is that if he claims the pay of an electrician, he has failed to show that he was duly appointed to that position. If plaintiff's claim is upheld, it may open the door to violations of the Civil Service Law due to the fact that a person having qualified for one position might be assigned to another in order to give him a basis to demand the higher rate of wages prevailing in the new position. It is a fundamental rule of the civil service that no one may lay claim to compensation for a position unless he has been appointed to it after due qualification. It may be that the city ought not to take advantage of an employee by making him do work of a higher rank, without giving him the higher pay. The essential grievance,

however, in such a case would be not that of the particular employee, but forsooth, that of others on the list who are qualified but denied appointment." A similar ruling is found in the Federal civil service in the case of *Fraser* v. *United States* (16 Court of Claims, 507) where the plaintiff was ordered " to take charge of the office and perform the duties of supervising architect " during the suspension period of the architect. He claimed the salary of the architect, but the court rejected same, saying by RICHARDSON, J.: " He did not then claim the title and the full enjoyment of the office. He invariably styled himself ' Acting Supervising Architect,' a form of expression in constant use and well understood in all the executive departments of the government as designating, not an appointed incumbent, but merely a *locum-tenens* who is performing the duties of an office to which he does not himself claim title." In this regard the plaintiff in the case at bar has stipulated (XV) that he was " verbally designated to act as Acting foreman of automobile machinists by the officer in charge of the Fire Department repair shops," and makes no claim that he was " appointed to the position of foreman of automobile machinists from a civil service list." (XIII.)

From the foregoing authorities, it seems to be clear that plaintiff may not be considered as legally holding the position of " Foreman of Automobile Machinists " and thereby entitled to the prevailing rate of wages for such position. Nor can the plaintiff recover on the theory that having performed services as a foreman he should in justice recover for such services at the prevailing rate of wage. Two lines of cases have repeatedly held that one rendering services or furnishing supplies to the city may not recover without alleging and proving due appointment or a legal order for the supplies. As to services rendered under an illegal appointment, reference is made to the following three cases in point. In *Graham* v. *City of New York* (33 Misc. 56) MCADAM, J., said: " In order to establish a legal demand against the municipality, even for services rendered, there must first be an employment by lawful authority." There the appointment was made by the properly constituted official but in violation of the Civil Service Law. Referring to the claim for such illegal services the court continued; " Such a principle, carried to its logical extent, would leave open the sole inquiry whether services had been rendered, and eliminate as irrelevant the question whether they were performed under a valid or illegal employment. The court can hardly be expected to subscribe to such a doctrine." *Stevson* v. *City of New York* (40 Misc. 533), where the plaintiff was appointed an " orderly " in the department of correction at

$300 per annum and shortly thereafter was ordered by the warden to act as a " keeper," the salary of which position was $800 per annum. The plaintiff's claim for salary as a " keeper " was rejected, the court saying (p. 536): " The warden had no right to change the obligation which was thus created, so that the fact that plaintiff was detailed to do work of a different kind is unavoidable since such detail was not authorized by the commissioner or even brought to his knowledge." And *Farrell* v. *City of Buffalo* (118 App. Div. 597). Again the plaintiff was duly appointed as a laborer at one dollar and fifty cents per day, but assigned by his superintendent as a " foreman " and sought to recover the salary paid a foreman. The court, by McLENNAN, P. J., said (at p. 600): " To hold that the plaintiff, under such circumstances, is now entitled to recover foreman's wages would establish a most dangerous precedent. If such is the law, a municipality can never know the amount of its obligation to its employees. The number of foremen may be indefinitely increased without any formal action. * * * If respondent's contention is correct, perchance a common laborer performs duties similar to those of another employee of higher rank for a day or a week, with the consent and acquiescence of the municipality, there is no way to avoid the payment of the higher wages, no matter what the agreement or understanding between the parties." A similar rule applies as to furnishing supplies. As a condition precedent the plaintiff must allege and prove a valid order from a department, the furnishing of the supplies thus ordered and their consumption or use by the municipality. In the case of *McDonald* v. *Mayor* (68 N. Y. 23) materials were ordered by the superintendent of highways of New York city to make repairs to highways, such being ordered in small lots amounting to less than $250, but without the head of the department certifying to a " necessity " therefor nor with the approval of the common council of the city, nor by a contract after a public advertisement therefor. Plaintiff sued to recover on the theory that regardless of the conditions prescribed by the statute, the city should pay for the reason its official had ordered same and such had been furnished and used. At page 27 the court stated the theory of the plaintiff thusly. " But the main reliance of the plaintiff, is upon the proposition that the defendant, having appropriated the materials of the plaintiff and used them, is bound to deal justly and to pay him the value of them." In reply to that argument, the court (at p. 28) said: " How can it be said that a municipality is liable upon an implied promise, when the very statute which continues its corporate life, and gives it its powers, and prescribes the mode of the exercise of

them, says, that it shall not, and hence cannot, become liable, save by express promise? " It was accordingly held that the plaintiff could not recover when the conditions prescribed for the giving of such orders had not been complied with. The court continuing (at p. 29): "He may not recover the value thereof upon an implied liability." To the same effect, see *Walton* v. *Mayor* (26 App. Div. 76); *Van Dolsen* v. *Board of Education* (29 id. 501); *Keane* v. *City of New York* (88 id. 542).

The plaintiff in the case at bar relies strongly on the authority of *Lent* v. *City of New York* (150 Misc. 291; affd., 242 App. Div. 764), but the Court of Appeals in the concluding paragraph of the opinion in the case of *Wood* v. *City of New York* (*supra*) discredits the result reached there, stating that the *Lent* case " has not been followed by the same Appellate Division in this case " and approves the decision reached in the case of *Doyle* v. *City of New York* (*supra*) in the following language, it " is in point, and in result meets with our approval."

With the foregoing authorities in mind, the court finds: (1) That section 220 of the Labor Law (commonly referred to as the prevailing rate of wage law) is subservient to the mandates of the Civil Service Law.

(2) To recover the prevailing rate of wage for any position in the service of the municipality the plaintiff is obligated to show as a condition precedent that he has been duly appointed pursuant to the civil service regulations to the position of which he seeks compensation at the prevailing rate of wages.

(3) Passing an examination for the higher position is of no avail unless the plaintiff secures a legal appointment to such higher position, and

(4) The designation as " acting foreman " and performing the duties thereof is likewise of no avail to recover the prevailing rate of wage, unless preceded by a valid appointment.

Submit findings.