In the Matter of THOMAS A. HEANEY, JR., et al., Appellants, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Respondent.

Argued February 26, 1941; decided June 12, 1941.

*Roy P. Monahan, James F. Sharkey* and *Arthur C. Goldberg* for appellants. The hearing held by the Comptroller was not conducted pursuant to subdivision 8 of section 220 of the Labor Law (Cons. Laws, ch. 31). (*Austin* v. *City of New York*, 258 N. Y. 113; *Matter of Gaston* v. *Taylor*, 274 N. Y. 359; *Matter of Hilfer* v. *Board of Regents*, 283 N. Y. 304.) The Comptroller failed to fix the prevailing rate of wage pursuant to section 220 of the Labor Law. (*Long Island R. R. Co.* v. *Dept. of Labor*, 256 N. Y. 498; *Campbell* v. *City of New York*, 244 N. Y. 317; *Matter of Gaston* v. *Taylor*, 274 N. Y. 359; *Matter of Greenbaum* v. *Bingham*, 201 N. Y. 343; *Matter of Yates* v. *Mulrooney*, 245 App. Div. 146; *Matter of Heughes & Co.* v. *Andrews*, 240 App. Div. 334; *Interstate Commerce Comm.* v. *L. & N. R. R. Co.*, 227 U. S. 88; *Matter of Smith* v. *Rosoff Tunnel, Inc.*, 259 App. Div. 617; *Matter of N. Y. Water Service Corp.* v. *Water P. & C. Comm.*, 283 N. Y. 23; *McNulty* v. *City of New York*, 238 N. Y. 29; *McAvoy* v. *City of New York*, 52 App. Div. 485; 166 N. Y. 588.)

*Leonard M. Wallstein, Jr.*, and *Leonard M. Wallstein* for Competitive Civil Service Electricians Association of the City of New York, *amicus curiæ*. Since the Comptroller's determination was based upon his own hearsay and *ex parte* summaries of information not introduced in evidence at the hearing, he violated the statutory requirement of a fair hearing. His determination was, therefore, unlawful and should be adjudged null and void. (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359; *Matter of Greenebaum* v. *Bingham*, 201 N. Y. 343; *Matter of Roge* v. *Valentine*, 280 N. Y. 268; *Matter of Yates* v. *Mulrooney*, 245 App. Div. 146; *Matter of Brenner* v. *Bruckman*, 253 App. Div. 607; *Matter of Heughes & Co.* v. *Andrews*, 240 App. Div. 334; *Interstate Commerce Comm.* v. *L. & N. R. R. Co.*, 227 U. S. 88; *Matter of Smith* v. *Rosoff Tunnel, Inc.*, 259 App. Div. 617; *Matter of New York Water Service Corp.* v. *Water P. & C. Comm.*, 283 N. Y. 23.)

*William C. Chanler, Corporation Counsel* (*Edward J. McGratty, Jr.*, and *Paxton Blair* of counsel). for respondent. The Comptroller properly limited his investigation to the prevailing rate of wage in private employment for work of a permanent and continuous nature, commensurate with that in which petitioner is engaged. (*Austin* v. *City of New York*, 258 N. Y. 113.)

*Harold Riegelman, H. H. Nordlinger* and *Jacob M. Dinnes* for Citizens Budget Commission, Inc., *amicus curiæ*.

LEHMAN, Ch. J. The petitioner, Thomas A. Heaney, Jr., is employed on its public works by the city of New York, Department of Sanitation, under the civil service title of licensed fireman. The budget of the city provides for the appropriation of lump sums to be paid to a specified number of employees holding positions under that title, " at the prevailing rates." The rates of pay which these employees actually receive is seven dollars for an eight-hour day, or approximately eighty-seven and one-half cents per hour. The petitioner, claiming that this pay is less " than the prevailing rate for a day's work in the same trade or

occupation in the locality  *  *  *  where such public work  *  *  *  is performed," which each employee is entitled to receive for a legal day's work in accordance with the provisions of section 220 of the Labor Law (Cons. Laws, ch. 31), filed a verified claim and the Comptroller thereupon caused an investigation to be made to determine the prevailing rate as required by that section.  The petitioner and another employee of the city who had filed a verified claim received notice of the hearing.  Other employees received no notice.  At the hearing evidence was offered and received only in regard to the nature of the work, its continuity, the annual compensation earned and incidental advantages received by licensed firemen in the employ of the city.  No evidence was offered as to the nature of the work performed or the compensation received by firemen licensed or unlicensed in private employ.

At the close of that hearing the Assistant Deputy Comptroller, who presided, stated, " I will keep the record straight on this question, namely, that in case you have any desire, prior to determination, to put any further evidence in, we will fix a time for further hearings for that purpose. In the meanwhile, we will continue with our current survey and get together all facts as to prevailing wages on the outside.  When that survey is completed, the result of the survey will be placed before you in terms of the report of the First Deputy Comptroller to the Comptroller and, if in the face of that report, you desire to put in more evidence, that time will be fixed so that you may have a hearing for that purpose.  In the meanwhile, it is my suggestion that you send in as complete a list of places that you feel ought to be included in the survey as to firemen and oilers. The names and addresses will be included in our survey. That, of course, will be supplemented by our own independent check up on firemen and oilers throughout the City. I think that will conclude the hearing."

An investigation or survey was then made by persons appointed from civil service lists and assigned as investigators to the Labor Law Division of the Bureau of Investiga-

tion of the Comptroller's office. Though the petitioner filed no list of employers or places to be visited by the investigators, all employers who were named upon a list signed by the International Representative of Firemen and Oilers, Local Union 56 of Greater New York, were interviewed by the investigators. A memorandum or summary of the results of the investigation was then prepared. Based almost exclusively upon data contained in that memorandum, a report including findings of fact was made by the First Deputy and Acting Comptroller; and the Comptroller thereupon filed a " determination " stating: " Now, after reading and filing the Report and Findings of said First Deputy Comptroller, and upon all papers and proceedings had therein, and due deliberation having been had, it is hereby DETERMINED, that the sum of $7.00 per day for an eight hour day was during the period from January 1, 1935, to date not less than the prevailing rate of wages for licensed firemen holding positions of steady employment in the City of New York."

The petitioner, Heaney, then brought proceedings " in behalf of himself and others similarly situated pursuant to the provisions of article 78 of the Civil Practice Act to review determinations of Joseph D. McGoldrick, as Comptroller of the City of New York, fixing the prevailing rate of wages for Licensed Firemen." He annexed to the petition a list of those he claimed were similarly situated. Thereafter seventy-nine persons were allowed to intervene in these proceedings in the Appellate Division. That court confirmed the determination, one justice dissenting.

The petitioner challenges the determination both on the ground that no hearing was held or investigation conducted in the manner provided by the statute and on the ground that the determination disregards the standards provided by the statute for measurement of the prevailing rate of wages. We may consider the second ground of challenge only if we reject the first ground and determine that the determination is based upon investigation conducted in accordance with the statute.

The statute (Labor Law, § 220, subd. 8) provides:

"8. Before proceeding under a complaint presented as provided in subdivision seven, or before making any order or determination upon an investigation made upon his own initiative, the fiscal officer shall order a hearing thereon at a time and place to be specified, and shall give notice thereof, together with a copy of such complaint or the purpose thereof, or a statement of the facts disclosed upon such investigation, which notice shall be served personally or by mail on any person or corporation affected thereby; such person or corporation shall have an opportunity to be heard in respect to the matters complained of at the time and place specified in such notice, which time shall be not less than five days from the service of the notice personally or by mail. The fiscal officer in such investigation shall be deemed to be acting in a judicial capacity, and shall have the right to issue subpœnas, administer oaths and examine witnesses."

We have said that notice of the hearing held upon the petitioner's verified complaint was given only to the petitioner and to Kelleher who had filed a similar complaint. The petitioner contends that all other employees holding similar positions are persons " affected " by the investigation and determination and should also have received notice. We have said that the statute " is to be interpreted with the degree of liberality essential to the attainment of the end in view " (*Austin* v. *City of New York*, 258 N. Y. 113, 117), and again that " the remedial or procedural provisions * * * should not be restricted within limits narrower than the affirmative rights and obligations which may be conveniently enforced through their application." (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359, 364.) Reiterating now the rules which in the past have guided us in construing the statute we conclude that the statute may not be " construed " as the petitioner urges, " strictly in favor of the petitioners," but rather that the remedial and procedural provisions of the statute must be construed in manner which will make their application a convenient and practical method of measuring the prevailing rate of pay and of

enforcing the mandate that wages must conform to that rate. Only by a forced construction of the statute can a requirement be read into it that the Comptroller shall give notice to every laborer employed upon a public work who might be entitled to receive the prevailing rate of pay as determined after investigation by the Comptroller, and such construction would tend to thwart, rather than to carry out, the purpose of the statute. These provisions were primarily intended to apply to employees of private contractors engaged in the construction of public works and indeed can in part have no application to city employees. (*Matter of Gaston* v. *Taylor, supra.*) Statutory requirement that the city should serve notice upon all persons employed by it as " licensed firemen," would be a burden, but the city could probably comply with it. A requirement that the city should serve notice upon all the employees of a private contractor engaged in the construction of a public work whenever the Comptroller is required to investigate the prevailing rate of wage paid to others in the same occupation in that locality would often be impossible. The meaning of the statute is hardly subject to doubt. An employee who initiates the investigation is a person " affected " by the investigation who is entitled to notice. So is an employer who must pay the rate determined by the investigation. Other persons in similar employ are not, for though they may, if they choose, claim the benefit of a determination, yet if they receive no notice of the investigation they are not bound by the determination in the same sense as the employee who initiated the investigation. Even were that not true the petitioner who received the notice is not aggrieved by failure to give notice to others and, after participating in the proceedings, he cannot claim that the proceedings are void as to him, even though if others in similar employ had received notice they might have assisted in presenting argument or proof to sustain his petition.

The statute does not direct the Comptroller how to conduct his investigations. That is left to his discretion.

Though the statute provides that " in such investigation [he] shall be deemed to be acting in a judicial capacity," the " investigation " need not be conducted as if it were a trial in a court of justice where a judicial officer may act only upon sworn testimony and competent evidence. When the Legislature confers upon an administrative officer or board authority to act in a judicial capacity and, after investigation, to determine questions which may properly be submitted to administrative rather than judicial officers, and does not at the same time direct the manner in which the investigation of such questions shall be conducted, the form of the investigation depends upon the nature of the question to be determined, and the kind of data upon which such a determination can be based reasonably and fairly. Always, however, each party to the proceedings, who will be directly affected by the determination, must be accorded fair play; and fair play may require an opportunity for presentation of his side of the question. Information gathered by investigators and reported to the Comptroller may properly form the basis of the Comptroller's determination, but the petitioner should be apprised of the facts disclosed upon such investigation and granted an opportunity to test by cross-examination the basis of the conclusions contained in the memorandum or report and to offer evidence which might affect the validity of those conclusions. (Cf. *Matter of N. Y. Water Service Corp.* v. *Water P. & C. Commission*, 283 N. Y. 23; *Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164.) Without such opportunity the notice required by the statute would serve little purpose.

Here the petitioner received no statement of the facts disclosed by the investigation and no opportunity to controvert its conclusions before the determination of the Comptroller based upon those conclusions was made and filed. The Comptroller defends this procedure on the ground that the petitioner asked for no further hearing after he was apprised on the final hearing that the Commissioner would proceed with his own survey. We have quoted what was there said by the Assistant Deputy Comptroller then

presiding. The statement that "when that survey is completed, the result of the survey will be placed before you * * * and, if in the face of that report, you desire to put in more evidence, that time will be fixed so that you may have a hearing for that purpose" outlined a procedure which would be eminently fair and in which the petitioner acquiesced. Probably the Comptroller was not informed that the statement had been made, otherwise the procedure so indicated would not have been disregarded.

Determination should be annulled, with costs in all courts; the matter should be remitted to the Comptroller for further hearing and for determination after such hearing. We cannot now consider whether the determination set aside would have been valid if that procedure had been followed.

The order of the Appellate Division should be reversed, the determination annulled, with costs in this court and in the Appellate Division and the matter remitted to the Comptroller for further hearing and for determination after such hearing.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.