Cohn, J.
Petitioner, who is employed by the City of New York as a stationary engineer (electric) in the department of public works together with others similarly employed, invoked the benefits of section 220 of the Labor Law by filing the required complaints thereunder which initiated the proceedings to fix the prevailing rate of wages in the locality for workmen in the same trade and to require that the city employees be compensated at such rates.
Respondent, the city’s fiscal officer, found that the Consolidated Edison Company and the Port of New York Authority were the only two organizations employing persons in positions comparable to that of stationary engineer (electric) in the city service. The Consolidated Edison Company employs about 225 such men and the Port of New York Authority 32. At the conclusion of the hearings, respondent made a determination fixing *203 the prevailing rate of wages for stationary engineers (electric) for the period from January 14,1944, to May 27,1947. In computing the rates paid by these employers for the purpose of fixing the prevailing rate of wages for the city employees involved, respondent in its determination excluded a 5% premium paid to their employees working the night shifts, to wit: 4:00 p.m. to 12:00 p.m., and 12:00 p.m. to 8:00 a.m., and also excluded the premium pay of 25% over basic salary for those engaged in Sunday work. It is this determination which petitioner, pursuant to article 78 of the .Civil-Practice Act, asks to have reviewed and corrected.
At hearings before the assistant deputy comptroller, petitioner’s attorney attempted to show that petitioner and the other eighty-six stationary engineers (electric) employed by the city on public works labored night shifts and on Sunday on a rotating schedule. Such proof was barred as not within the material issues. It was offered to support the claim that city-employed stationary engineers (electric), on a rotating schedule, frequently work on night and Sunday shifts, and that so engaged, they are entitled to be paid upon the same basis as the majority of workmen in the locality in the same trade. It is contended by petitioner that respondent in. computing the prevailing rate of wages should have taken into calculation the differentials of 5% for night work and 25% for Sunday work concededly received by the Edison men, who comprise by far the greater number of privately employed men in the same trade in the locality. (Labor Law, § 220, subd. 5, par. a.)
Petitioner’s evidence of the working hours of city employed stationary engineers (electric) should have been received in evidence. Moreover, respondent should not have excluded from computation of the prevailing rate of pay the wage differential of 5% for night work and 25% for Sunday work paid to the Consolidated Edison workers. r
The statute (Labor Law, § 220) is designed to guarantee to laborers and mechanics employed by municipalities on public works the prevailing rate of wages paid to others similarly employed in the locality (Matter of Gaston v. Taylor, 274 N. Y. 359; Campbell v. City of New York, 244 N. Y. 317). That section should be liberally construed. “ The present statute is an attempt by the State to hold its territorial subdivisions to a standard of social justice in their dealings with laborers, workmen and mechanics. It is to be interpreted with the degree of liberality essential to the attainment of the end in view. ’ ’ (Austin v. City of New York, 258 N. Y. 113, 117.)
*204 Laborers, workmen or mechanics employed by the city upon public works must receive for a “ legal day’s work ” not less than the prevailing rate of wages (Labor Law, § 220, subd. 3). The prevailing rate of wages must reflect all payments regularly paid during the work week, exclusive of overtime payments, in private industry to persons employed in the locality in positions comparable to that of petitioner (Labor Law, § 220, subd. 5, par. [a]). The words “ regular rate ” mean the hourly rate actually paid for the normal, nonovertime work week (Walling v. Helmerich & Payne, 323 U. S. 37, 40).
Additional compensation paid to the Edison employees for night and Sunday work was not by way of premium or bonus as respondent urges but comprised part of the regular rate of pay. Those who worked the night shifts ánd on Sunday received a higher rate due to the undesirable working hours. “ Where an employee receives a higher wage or rate because of undesirable hours or disagreeable work, such wage represents a shift differential or higher wages because of the character of work done or the time at which he is required to labor rather than an overtime premium. Such payments enter into the determination of the regular rate of pay.” (Bay Ridge Operating Co. v. Aaron, 334 U. S. 446, 468-469.)
Respondent, we think, should have found that there were three rates paid to laborers in comparable positions, to wit, (1) a day rate, (2) a night rate for those employed on either of the two night shifts and (3) a Sunday rate for those employed on any shift of that day, and also should have included in the calculations for the prevailing hourly wage rates the differential of 5% for night work and 25% for Sunday work.
The determination should accordingly be annulled and the proceeding remitted to the comptroller, who is directed to make a new determination taking into computation the rate of wages paid for night work qnd for Sunday work to the Consolidated Edison employees.
Peck, P. J., Clennou, Callahau and Vah Voorhis, JJ., concur.
Determination annulled, with $20 costs and disbursements to the petitioner and the matter remitted to the Comptroller of the City of New York, who is directed to make a new determination tailing into computation the rate of wages paid for night work and for Sunday work to the Consolidated Edison employees.