In the Matter of SHIRLEY BEERS, as President of Erie County Consumers Association, et al., Petitioners, v. DON J. WICKHAM, as Commissioner of Agriculture and Markets of the State of New York, Respondent, and NIAGARA FRONTIER COOPERATIVE MILK PRODUCERS BARGAINING AGENCY, INC., et al., Intervenors-Respondents.

Third Department, March 28, 1966.

*John B. Carroll* for petitioners.

*Thomas G. Conway* and *Robert G. Blabey* for Commissioner, respondent.

*Orr, Brydges, Orr & Dowd* (*John G. Dowd* of counsel), for Niagara Frontier Cooperative Milk Producers Bargaining Agency, Inc., and others, intervenors-respondents.

*Williams, Stevens & McCarville* for Niagara Frontier Milk Distributors Bargaining Agency, Inc., intervenor-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Walter J. Hogan* and *Ruth Kessler Toch* of counsel), in his statutory capacity under section 71 of the Executive Law.

REYNOLDS, J.  This is a proceeding brought pursuant to article 78 of the CPLR seeking the review of a decision and order of the Commissioner of Agriculture adding certain towns to the Niagara Frontier Milk Marketing Area (1 NYCRR 21.3).

While sections 258-k and 258-m of the Agriculture and Markets Law do not so state specifically, it is inferable that the Commissioner has the power to draw and change the boundaries of an existing marketing area, but only after a public hearing preceded by a prescribed notice (§ 258-m, subd. 1) and if "upon the testimony given at the hearing  *  *  *  public interest requires regulation of prices  *  *  *  and equalization of the burden of surplus milk and expense of handling it, and sharing the benefits of the fluid market" and also "there has been or is a disruption of orderly marketing of milk in any marketing area by reason of surpluses or by reason of unfair, unjust or

destructive trade practices so that the prices of milk to the producers are or may be below the reasonable costs of production and impair their purchasing power '' (§ 258-k).

Petitioners urge that the Commissioner erred in not making a specific finding that the purchasing power of the producers in the new area had been impaired as a result of low prices as required by section 258-k. The Commissioner's position is that such a finding is not necessary if a finding is made that surpluses have caused a disruption of orderly marketing. We cannot accept the Commissioner's construction of section 258-k. We read section 258-k to require a finding of impaired purchasing power if the disruption of the market is caused by either unfair, unjust or destructive trade practices or by surpluses, in either case resulting in prices which '' are or may be below the reasonable costs of production.'' We cannot agree that such a construction would require the Commissioner to wait until purchasing power has actually been impaired before he can make a decision. It would be sufficient if, based on supportable evidence, he found that prices '' would be '' forced below the reasonable costs of production and that purchasing power '' may be '' impaired.

Petitioners also urge that the Commissioner was required to make specific findings as to the factors enumerated in subdivision 3 of section 258-m. Additionally the Commissioner's answer indicates that certain documents were utilized by him in reaching his decision, presumably in connection with his investigation under subdivision 3 of section 258-m, which were not introduced in evidence at the hearing and which were not even mentioned in the findings. The Commissioner replies that since subdivision 3 of section 258-m requires him only to '' investigate '' as to these factors, he need not make formal findings with respect thereto nor disclose the basis of his decision. We hold that, whereas here, an objection to the order, albeit a general objection, was made at the hearing (cf. *Matter of New York State Guernsey Breeders Co-Op.* v. *Noyes,* 260 App. Div. 240, 242, mod. 284 N. Y. 197) and a controversy as to the facts exists (cf. *Matter of New York State Guernsey Breeders Co-Op.* v. *Noyes,* 260 App. Div. 139, mod. 285 N. Y. 523), findings should be issued, and that particularly in view of the number and probable complexity of the documents involved, the Commissioner should not have used them in reaching his decision without apprising the petitioners of their use and affording them an opportunity to rebut the information contained therein (*Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Matter of New Rochelle Water Co.* v. *Maltbie,* 248 App. Div. 66). To hold otherwise

would make judicial review impossible since there would be no way to determine from the Commissioner's order whether he considered the elements required by subdivision 3 of section 258-m or upon what sources he relied (see *Matter of Elite Dairy Prods.* v. *Ten Eyck*, 271 N. Y. 488). This does not mean, however, that he would have to introduce testimony on each factor in subdivision 3 of section 258-m. It would be sufficient if he introduced the documents he intended to consider and state the purpose for which he expected to use them. An objecting party could then challenge the authenticity or the validity of any document and could introduce oral and/or written arguments of his own with respect to the information contained therein. Similarly if he discovered additional relevant documents after the hearing, he could merely notify all parties of his intent to utilize them and afford them an opportunity to challenge them.

Finally, the petitioners make a wholesale attack upon 84 provisions of the order, without any specifications whatsoever, stating only that they are those " dealing with prices, differentials, payments and many other items "; on which they claim that no evidence was presented and no findings made. These 84 provisions are the remaining sections of the original order which were applicable to the original marketing area and would now be applicable to the marketing area as enlarged, upon the amendment of section 21.3 (see 1 NYCRR 21.1–21.85). However, the record does not reveal that the petitioners have made any attempt prior to this appeal to attack, object to, offer evidence upon, or to dispute prices generally or any section of the order other than the amendment of section 21.3 and are thus precluded from doing so here. (Agriculture and Markets Law, § 258-m, subd. 3; see *Matter of Town of Waterford* v. *Water Pollution Control Bd.*, 5 N Y 2d 171, 183, and 4 A D 2d 415, 423–424.)

Some of the additional contentions urged by petitioners are governed by the conclusions hereinbefore stated; and we find the others without merit.

The decision should be annulled and matter remitted for further proceedings not inconsistent herewith.

GIBSON, P. J., TAYLOR and AULISI, JJ., concur.

Decision annulled and matter remitted for further proceedings not inconsistent herewith, with costs to petitioners.