In the Matter of JOSEPH W. MURRAY et al., Petitioners, v. MICHAEL J. MURPHY, as Police Commissioner of the City of New York, Respondent.

First Department, May 26, 1966.

*Victor J. Herwitz* for petitioners.

*William A. Marks* of counsel (*Seymour B. Quel* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

Steuer, J. Two detectives in the New York City Police Department bring this article 78 proceeding to review the determination of respondent Police Commissioner. The action complained of as being arbitrary was the dismissal of the petitioners after a hearing on charges. The facts underlying the charges are in essence as follows. Petitioners were assigned to investigate a complaint by one Tauss that certain merchandise and equipment were feloniously taken from the premises of Jon Ri Sy Fashions, Inc., a corporation in which Tauss had a one-third interest. Tauss informed petitioners that he believed the materials were removed by Forti and Lazarski, the owners of the balance of the shares of the aforesaid corporation. Petitioners contacted these two and arranged a meeting at the station house where all three would attend. The meeting was held. Tauss was accompanied by one Rosen, a man currently known to the Police Department as a criminal. At the meeting Forti and Lazarski readily admitted taking the merchandise. They claimed, however, that Tauss, who was disappointed in his investment in the company, had threatened to recoup same by seizing and selling any disposable property of the corporation, and that they had merely removed it to a place of safekeeping to prevent him. Rosen thereupon adamantly maintained that they had committed a crime and would be imprisoned unless they satisfied Tauss. He suggested that they sell their interest in the company to Tauss at a price that was less than one third of the value of the merchandise removed. Petitioners were present throughout this meeting, did nothing to restrain or cast doubt on Rosen's assertions, and repeatedly suggested that the other two arrive at a settlement with Tauss. An agreement drawn by Rosen for a sale on the terms suggested was signed. Later, after an attorney was consulted, the agreement was voluntarily rescinded. There was additional testimony by Tauss and Rosen of meetings between them and petitioners at which money was paid petitioners for their assistance in arranging the so-called settlement.

There were originally four charges, of which one was withdrawn. The remaining three were: (1) associating with Rosen,

a known criminal; (2) having dealings with Rosen; and (3) failing to investigate the complaint of the burglary in a proper manner. The trial commissioner found that there was no proof that petitioners knew that Rosen was a criminal and the record bears out this finding. He found that petitioners did assist Rosen in the coercion of Forti and Lazarski and that this constituted having dealings with Rosen. In this connection he further found that petitioners were motivated solely by a desire to dispose of the criminal charge in the simplest and most expeditious way. He also found that the third charge of improper investigation was sustained. He recommended suspension for 15 days. Respondent disagreed with these findings to the following extent. He found that the petitioners had ulterior motives in joining in the coercive tactics of Rosen, and that their conduct was designed to aid the latter in accomplishing his purpose. And, further, that their failure to pursue proper police procedures in investigating the complaint assigned to them evidenced their corruption.

Petitioners' argument in substance is that they were dismissed for corruption and that this was not the basis of any charge. The question presented is really this: Where the evidence sustains the charges but the resulting sanction, though legally permissible, would be deemed harsh in the absence of corruption, can it be applied where corruption is not charged. We do not believe a categorical answer applicable to all cases is possible. Here the evidence was ample to sustain the charges. As to corruption, while there was direct testimony from Rosen and Tauss, neither the source nor the content was completely satisfactory, but coupled with the established facts it could be believed. While the charges did not include corruption, they did include the transactions in which the corruption appeared and there is nothing to indicate that petitioners' defense was in any way prejudiced by surprise. They met the issue squarely and made no claim that they were prevented from bringing forward any testimony. The essential thing is that the hearing should be fair (*Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38). No unfairness resulted to petitioners.

It should be borne in mind that the primary responsibility in these matters lies with the Commissioner. It is he, not the courts, who must answer to the public for the performance of the members of his department. It is therefore his judgment that should be controlling, unless it can be seen that that judgment was exercised in an arbitrary way. When the proceedings are fair to the point that the officer charged has a reasonable opportunity to meet the charges and it appears that the decision

is based on substantial evidence, it cannot be said to be arbitrary, despite the fact that procedural steps might have been improved upon. Under these circumstances, the sanction imposed was not arbitrary.

The dissent refers to the previous record of the petitioners. Actually this has little or no relevance. Petitioners received several citations for bravery in action. These would be significant if they were now charged with cowardice. But there is no correlation between bravery and honesty, and the presence of the one quality is not a guarantee, or even an indication, of the presence of the other.

The determination of the Police Commissioner should be confirmed.

McNALLY, J. (dissenting). I dissent and vote to reverse and annul the determination with respect to Specifications 2 and 3 on the ground that the dismissal orders were based on the finding that petitioners were guilty of corruption although no such charge has been preferred against them, examined into, heard or investigated and there is no substantial evidence to support the finding.

Petitioners have excellent records. Petitioner Joseph W. Murray was appointed to the Police Department on March 20, 1947. He has received eight citations involving meritorious and excellent police duty and valor. Petitioner Robert J. Mullaney was appointed to the Police Department on November 30, 1951. He has received four citations involving meritorious and excellent police duty.

The hearing commissioner recommended a fine and probation. The Police Commissioner in dismissing the petitioners made the following finding: " I also find that they received sums of money in partial payment of the $2,000 agreed upon for their participation." Petitioners were not so charged and there is no substantial evidence to sustain this finding.

The determination should be annulled and the matter remanded for appropriate proceedings.

BOTEIN, P. J., and STEVENS, J., concur with STEUER, J.; McNALLY, J., dissents in opinion in which RABIN, J., concurs.

Determination confirmed and the petition dismissed, without costs and without disbursements.