Martin Bucci et al., Appellants, v. Village of Port Chester, Respondent.—

Ughetta, Acting P. J., Brennan, Rabin and Munder, JJ., concur; Benjamin J., dissents and votes to deny defendant's cross motion to dismiss the complaint, and, as so modified, to affirm the order, with the following memorandum: After six years of fruitless negotiations and seven years of hearings before the State Labor Department, punctuated at one point by an unsuccessful proceeding under CPLR, article 78 brought by defendant village, plaintiffs at long last succeeded in obtaining from the State Labor Commissioner a determination that the village had not paid them at the prevailing wage rates and that the village consequently owed each of them substantial sums. This determination was made on October 3, 1963. The village brought an article 78 proceeding to review that determination, and on July 13, 1964, the Appellate Division, Third Department, entered an order confirming it (21 A D 2d 964); on July 29, 1964, plaintiffs served a copy of that order on the village. On August 21, 1964, the village moved for reargument or for leave to appeal to the Court of Appeals; on October 15, 1964, the Appellate Division denied that motion, but no order appears to have been entered on the decision. On December 14, 1964 (two months after the Appellate Division decision denying reargument or leave to appeal) plaintiffs started this action under section 220 of the Labor Law to recover the difference between the salaries paid them by the village and the salaries they should have been paid under the prevailing wage rates. On January 12, 1965, the village served an answer consisting of denials attacking the validity of the State Labor Commissioner's determination and an affirmative defense that it intended to appeal to the Court of Appeals but could not do so because plaintiffs had not entered an order on the Appellate Division decision denying reargument or leave to appeal to the Court of Appeals. On March 10, 1965, plaintiffs' motion for summary judgment was denied by Special Term; that decision was adhered to on reargument on April 30, 1965; and an order was entered on those decisions on October 20, 1965. In the meantime, on March 18, 1965, the Court of Appeals denied a motion by the village for leave to appeal to that court from the Appellate Division confirmation of the Labor Commissioner's deter-

mination (15 N Y 2d 485); and on October 11, 1965, the United States Supreme Court denied certiorari (382 U. S. 818). Thereafter plaintiff Bucci moved individually for summary judgment; the village cross-moved to dismiss the complaint of all plaintiffs on the ground that it was insufficient on its face; Special Term denied Bucci's motion for summary judgment and granted the cross motion to dismiss the complaint on the ground that it failed to allege that the action had been instituted within three months after the Labor Commissioner's determination on October 3, 1963; the basis of Special Term's decision was its conclusion that the three-month limitation period for suit, contained in section 220 of the Labor Law, is an integral part of the cause of action provided by that statute. In my opinion, Special Term's dismissal of the complaint was incorrect and should be reversed. The statute (Labor Law, § 220, subd. 8) provides for a hearing, determination and order by the government's fiscal officer (in this case the State Labor Commissioner); it authorizes an article 78 proceeding to review that determination; and it then provides that "When a final determination has been reached", the complaining employee may bring an action within three months after "said final order" for the amount due him because of the failure to pay him the prevailing wage. The majority and I are in agreement that the three-month period mentioned in section 220 starts to run from service of the final order in the article 78 proceeding, not the final order of the Labor Commissioner. We disagree, however, as to what was the final order in the article 78 proceeding. The majority believes that it was the July 13, 1964 order of the Appellate Division confirming the Labor Commissioner's determination; that the service of that order on July 29, 1964 started the three-month statutory period running; that the three-month period ended October 29, 1964; and this action, instituted December 14, 1964, consequently was untimely and must be dismissed. I disagree with that conclusion on legal and equitable grounds. In my view, the final order in the article 78 proceeding was either the Court of Appeals' denial of leave to appeal (on March 18, 1965) or the United States Supreme Court's denial of certiorari on October 11, 1965. In either case, this action (instituted on December 14, 1964) would have been prematurely brought, but that prematurity would have disappeared on March 18, 1965 (if the Court of Appeals' order was controlling), or on October 11, 1965 (if the U. S. Supreme Court order was controlling). Such elimination of the prematurity by the continuing pendency of the action past the date it should have been timely commenced, without objection on the ground of prematurity, certainly can be considered as having cured that prior defect and as having converted the premature action into a timely action. In this connection, it should be noted that section 220 is a remedial statute intended to achieve social justice in the government's dealings with its workers, and "It is to be interpreted with the degree of liberality essential to the attainment of the end in view" (*Austin* v. *City of New York*, 258 N. Y. 113, 117). I also disagree with the conclusion by Special Term and the majority of this court that the three-month period for suit, contained in section 220, is an integral part of the cause of action provided by that statute, and that compliance with it consequently is a condition precedent which must be pleaded in the complaint. In my view, that three-month period for suit is nothing more than an ordinary Statute of Limitations which must be pleaded by the *defendant*, if it wishes to assert untimeliness of the suit as a defense. Prior to the enactment of section 220 of the Labor Law in its present form, both at common law and under prior statutes, an underpaid government employee had a right of action to recover the difference between his wages and the prevailing rate of wages

(*McAvoy* v. *City of New York*, 52 App. Div. 485, affd. 166 N. Y. 588; *Matter of Yerry* v. *Goodsell*, 4 A D 2d 395). However, that earlier common-law and statutory right was unsatisfactory because of procedural difficulties in its enforcement (*Yerry, supra*). For that reason, section 220 was enacted in its present form — not to create the right (which already existed), but to create an effective new remedy for its enforcement (*Yerry, supra*). Hence, the three-month limitation period in section 220 is not a limitation on the right, but merely on the remedy. That being so, compliance with that limitation period is not an integral part of the cause of action which must be pleaded in the .complaint; and the limitation period is merely an ordinary Statute of Limitations (see *Sharrow* v. *Inland Lines*, 214 N. Y. 101). A Statute of Limitations, however, is not available as a defense unless it has been pleaded in the defendant's answer (*Lindlots Realty Corp.* v. *County of Suffolk*, 278 N. Y. 45, 54). Of course, a defendant can move to dismiss the complaint on the ground that the action is barred by the Statute of Limitations [see CPLR 3211, subd. (a), par. 7], but the right to make that motion is waived unless the motion is made before the answer is interposed [CPLR 3211, subd. (e)]. At bar, defendant did not plead the Statute of Limitations as a defense in its answer, and its motion to dismiss the complaint was made long after it had interposed its answer. Hence, if we were to assume, *arguendo*, that this action was not timely started, the defense of Statute of Limitations has been waived and cannot now be asserted (CPLR 3211, subd. [a], par. 7; subd. [e]; Lindlots Realty Corp., *supra*). Apart from all the foregoing, on this record I think defendant is equitably estopped to attack the suit on the ground of untimeliness, regardless of whether the limitation period is an integral part of the cause of action or instead merely a Statute of Limitations. For 13 long years it fought plaintiffs' attempt to establish their rights before the State Labor Commissioner, using every possible procedural tactic to delay or prevent a determination in plaintiffs' favor on the merits. When the Labor Commissioner finally ruled in plaintiffs' favor on October 3, 1963, defendant instituted an article 78 proceeding to annul his determination. When the Appellate Division confirmed the determination by its order of July 13, 1964, defendant moved in the Appellate Division for reargument or for leave to appeal to the Court of Appeals. That motion was denied by a decision dated October 15, 1964; neither party entered an order on that decision, though either could have done so. Plaintiffs waited two months for defendant to take further action, such as a motion in the Court of Appeals for leave to appeal to that court. No such action having then been taken, plaintiffs assumed that defendant was accepting the Appellate Division decision denying reargument or leave to appeal as the final determination of the proceeding, and they therefore instituted this suit on December 14, 1964. Defendant served an answer on January 12, 1965; it did not plead a defense that the suit was untimely. Nor was such claim made in opposition to several later motions by plaintiffs for summary judgment or plaintiffs' motion for a pretrial examination. Indeed, that claim was not made by defendant even on its ultimately successful cross motion to dismiss the .complaint for insufficiency; that cross motion was based on numerous other grounds, but not on the ground of untimeliness of suit; and it was the learned Special Term itself that raised that issue, despite the absence of such contention by defendant, and then dismissed the complaint on that ground. In short, at no time prior to the dismissal of the complaint by Special Term did defendant ever raise an issue as to untimeliness of the action or in any way indicate to plaintiffs that the suit might be flawed in that respect. If defendant now asserts that

the Labor Commissioner's ruling of October 3, 1963 was the final determination that started the three-month limitation period running, it should be estopped to urge that the suit is untimely because not brought within that period, since it, itself, had already started an article 78 proceeding to annul that determination on the ground that it was invalid. If defendant now asserts that the July, 1964 order of the Appellate Division, confirming the Commissioner's determination, was the final determination which started the three-month limitation period running, it should be estopped to urge that the suit is untimely because not brought within that period, since it, itself, had attacked the validity and finality of that order by its August motion for reargument and for leave to appeal to the Court of Appeals. If the October, 1964 Appellate Division decision denying reargument and leave to appeal were deemed the final determination starting the three-month period running, this suit (started in Dec. 1964) was timely brought. If defendant now asserts that the Court of Appeals order of March, 1965, denying leave to appeal, was the final determination which started the running of the period within which to sue, it should be estopped to urge that plaintiffs should have waited until then to start their action, since its failure to move in the Court of Appeals for four months after the Appellate Division decision denying leave to appeal clearly gave plaintiffs the right to assume that defendant had accepted the Appellate Division decision as final and had no intention of taking further action in its article 78 proceeding. And the same reasoning would apply if defendant were now to assert that the U. S. Supreme Court's denial of certiorari in October, 1965 was the final determination. Applicable at bar are these comments in *Robinson* v. *City of New York* (24 A D 2d 260, 263–264 [1st Dept.]) : " The estoppel to plead the statute may arise without the existence of fraud or an intent to deceive. If the * * * conduct of the defendant were calculated to mislead the plaintiff, and the plaintiff in reliance thereon failed to sue in time, this is enough. Under these circumstances, the doctrine of equitable estoppel will be applied to prevent defendant from gaining an unconscionable advantage if he were permitted to plead the statute; and it is immaterial that defendant intended no wrong. * * * Principles of fair dealing apply to a municipal corporation as well as to an individual. * * * Estoppel is available to bar a * * * municipality from pleading a Statute of Limitations ". In sum, I believe the dismissal of this complaint was legally incorrect and equitably improper. I vote to modify Special Term's order insofar as it dismisses the complaint, and to deny defendant's cross motion for that relief.