■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Petitioner, v. WILLIAM E. MOSHER, as Commissioner of Health of the County of Erie, Respondent.— Determination unanimously annulled, without costs, and order of October 30, 1970 vacated. Memorandum: A hearing was held on charges that petitioner, a public utility, caused dry fly ash at its Huntley Station dumping site to escape to the open air in such amounts as to be a nuisance to the residents of the Riverview Heights area of the Town of Tonawanda. After the hearing was closed, the hearing officer received reports of field inspectors made subsequent to the hearing and evidence that petitioner's method of covering the fly ash caused water pollution and that earth was the best cover for fly ash. The respondent Commissioner of Health adopted the findings of the hearing officer and ordered petitioner to discontinue all dumping of fly ash at its Huntley Station site, cover deposits of fly ash daily with four inches of dirt, and erect a sampling site at its new dumping site. Then, by letter, petitioner was informed that deposits of fly ash at its new dumping site were to be covered daily with four inches of dirt. The determination is based in part on evidence received after the hearing and cannot stand. (*Matter of Heaney* v. *McGoldrick*, 286 N. Y. 38.) Nor is the determination supported by substantial evidence. The only proof connecting petitioner with the nuisance was testimony that some fly ash became air-borne at petitioner's dump site and the wind was blowing in the direction of the Riverview Heights area some three miles away. However, on the same day, large amounts of fly ash were being blown off dump sites of other industries in the Riverview Heights area and also two of these industries had trouble in controlling their fly ash deposits. Additionally, the fly ash found in the Riverview Heights area was described as black and sticky whereas petitioner's fly ash was gray and dry. As stated in *Matter of Case* (214 N. Y. 199, 203–204) it is: "still the rule, however, * * * that 'insufficient evidence is, in the eye of the law, no evidence.' (*Pollock* v. *Pollock*, 71 N. Y. 137, 153; *Laidlaw* v. *Sage*, 158 N. Y. 73, 94; *Fealey* v. *Bull*, 163 N. Y. 397, 402.)" Where a determination is not supported by substantial evidence, a new hearing is not generally directed. (*Matter of Playboy Club of N. Y.* v. *State Liq. Auth.*, 23 N Y 2d 544; *Matter of Kerma Rest. Corp.* v. *State Liq. Auth.*, 21 N Y 2d 111.) In any event, petitioner has ceased to use the Huntley dump site and a new hearing would serve no useful purpose. (Review of determination directing discontinuance of dumping, transferred by order of Erie Special Term. ) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.