### GENERAL ELECTRIC COMPANY, Plaintiff,

v.

### NEW YORK STATE DEPARTMENT OF LABOR; Thomas F. Hartnett, Industrial Commissioner of the State of New York; Charles Drobner, Director of Public Work, New York State Department of Labor; Robert Abrams, Attorney General of the State of New York, Defendants.

No. 88 Civ. 5154 (RLC).

United States District Court, S.D. New York.

June 7, 1990.

Vedder, Price, Daufman, Kammholz & Day (Virgil B. Day, Marc S. Wenger, Neil A. Capobianco, of counsel,) New York City, for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y. (Jane Lauer Barker, Asst. Atty. Gen., in Charge of Labor Bureau, M. Patricia Smith, Asst. Atty. Gen., of counsel), New York City, for defendants.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff General Electric ("GE") seeks an order declaring invalid New York's prevailing wage law, N.Y.Lab.Law § 220 (McKinney 1986 & Supp.1990), on various grounds, and enjoining the statute's enforcement or incorporation into state contracts. Presently before the court are motions for summary judgment by both GE and defendants, New York State's Department of Labor (the "Department"), Industrial Commissioner, Director of Public Work of the Department, and Attorney General (collectively, the "State").

## BACKGROUND INFORMATION

The facts relevant to this case are described in detail in the court's prior opinion in this case, *General Electric Co. v. New York State Department of Labor*, 698 F.Supp. 1093, 1094–95 (S.D.N.Y.1988) (Carter, J.), familiarity with which is presumed. In that decision, the court denied GE's motion for a preliminary injunction, finding that Section 220 was not preempted either by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, or by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, *et seq.* An appeal followed and on November 29, 1989, the United States Court of Appeals for the Second Circuit vacated this court's decision. The Court of Appeals held that the provisions of Section 220 concerning "supplements" were preempted by Section 514(a) of ERISA, though not by the NLRA. *General Electric Co. v. New York State Department of Labor*, 891 F.2d 25 (2d Cir.1989). The Court of Appeals also remanded to this court for determination of whether the manner in which wage and supplement rates are established under Section 220 constitutes an unconstitutional delegation of legislative power. 891 F.2d at 27. Each party now moves for summary judgment pursuant to Rule 56, F.R.Civ.P.

## PARTIES' CONTENTIONS

In support of its motion, plaintiff first argues that the supplement provisions of Section 220 are part of a unitary statutory scheme and, the Court of Appeals having established that those provisions are preempted by ERISA, the non-supplement provisions must also fall. Plaintiff asserts that the severability of a statute is a question of legislative intent and that the New York legislature did not intend that the supplement and non-supplement provisions be severable.

Plaintiff next argues that if Section 220 is found severable by the court, all statutory references to "supplements," not just those concerning supplements which are to be provided through employee benefit plans, must be declared preempted by ERISA. Plaintiff also reasons that the Department's disparate treatment of contractors according to whether they provide benefits through ERISA plans would violate the equal protection clause of the Fourteenth Amendment.

As in its motion for a preliminary injunction, plaintiff asserts that Section 220 violates due process by delegating the legislative power to set prevailing wage rates to private parties—i.e., parties to collective bargaining agreements ("CBAs") negotiated in the locality—without providing adequate standards governing the exercise of that power.

Finally, although the Court of Appeals affirmed this court's finding that Section 220 is not preempted on its face by the NLRA, 891 F.2d at 27, plaintiff argues that it now submits additional information tending to show that the Department's application of the statute intrudes upon areas prohibited to the states and is therefore preempted.

In opposing plaintiff's motion for summary judgment, the State responds that the wage provisions of Section 220 are independent from the supplement provisions and readily severable, that the non-ERISA supplement aspects of the statute were not held preempted by the Court of Appeals and are severable from the ERISA supplement provisions, and that the valid provisions of the statute have a rational basis as applied to plaintiff and therefore do not violate equal protection.

Defendants also contend that the United States Constitution does not prohibit state legislation which looks to the dealings of private parties to give specific meaning to its substantive provisions. They further argue that this court and the Court of Appeals have resolved the NLRA preemption issue in their favor.

In addition to these arguments, the State asserts in support of its own motion for summary judgment on counts one, three, four and five of plaintiff's complaint that the court has previously found that it lacks subject matter jurisdiction over plaintiff's state law claims. Plaintiff does not refute this contention.

## DISCUSSION

### I.

#### A.

■■■ In determining whether the remaining provisions of Section 220 are severable from those ruled invalid, the court must consider how the New York state courts would interpret the statute in light of its partial invalidation. *Doyle v. Suffolk County,* 786 F.2d 523, 526 (2d Cir.), *cert. denied,* 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986). Legislative intent is paramount. *People ex rel. Alpha Portland Cement Co. v. Knapp,* 230 N.Y. 48, 60, 129 N.E. 202 (1920), *cert. denied sub nom. State Tax Commissioner v. New*

*York,* 256 U.S. 702, 41 S.Ct. 624, 65 L.Ed. 1179 (1921); *Allen v. City of Buffalo,* 143 Misc.2d 1054, 1058, 541 N.Y.S.2d 876, 880 (Sup.Ct. Erie County 1989). Looking to the intent of the legislature in enacting Section 220, the New York courts could conclude that the statute's framers would now choose either: a) to impose no prevailing wage requirements on contractors performing public works contracts, or b) to retain those provisions which do not "relate to" ERISA supplements.[1]

Since our conclusion is that New York courts would find that the framers of Section 220 would have endorsed the continued vitality of the statute's non-supplement provisions, it follows that Section 220 is not wholly invalidated by the preemption of the supplement provisions. Plaintiff contends that the central objective of the Section 220 supplement provisions—equalizing competition among public works contractors—is frustrated by the Court of Appeals' ruling and therefore the statute's framers would wish the statute repealed entirely. However, while inequality will undoubtedly be increased in the absence of the supplement provisions, to say that the prevailing wage law will be less effective in equalizing competition absent the offending provisions is not to say that the remaining provisions are at odds with or fail to effectuate the core purpose of the statute.

First, the non-supplement provisions of Section 220 continue to promote competitive equality, albeit to a more limited degree. The wages regulated by those provisions are undoubtedly a major labor cost expended by contractors and the mandate that these employers provide the prevailing level of wages in the locality ensures that such costs will be equal.[2]

Second, and perhaps more damaging to plaintiff's argument, is the fact that Section 220 was enacted and enforced for some time without the supplement provisions. *See General Electric v. Dept. of*

1. The validity and severability of the non-ERISA supplement aspects of Section 220 are discussed *infra.*

2. As contractors receive no credit under the statute for the cost of providing benefits not

deemed by the Commissioner to be "prevailing benefits," some degree of competitive inequality would have existed even if the supplement provisions had been upheld in their entirety by the Court of Appeals.

*Labor, supra,* 891 F.2d at 28. Contrary to plaintiff's position, the fact that the legislature sought to amend the statute to enhance competitive equality does not detract from the conclusion that that body saw the wage provisions as independently viable.

While the legislative purpose in enacting the supplement provisions, added as an amendment to the statute in 1956, was clearly "to equalize contractors' minimum labor costs," *Action Electrical Contractors Co. v. Goldin,* 64 N.Y.2d 213, 222, 485 N.Y.S.2d 241, 245, 474 N.E.2d 601, 605 (1984), Section 220 as originally enacted focused on "guarantee[ing] to laborers and mechanics employed by municipalities on public works the prevailing rate of wages paid to others similarly employed in the locality." *Smith v. Joseph,* 275 App.Div. 201, 203, 88 N.Y.S.2d 818, 820, *aff'd,* 300 N.Y. 516, 89 N.E.2d 248 (1949) (citing *Gaston v. Taylor,* 274 N.Y. 359, 9 N.E.2d 9 (1937); *Campbell v. City of New York,* 244 N.Y. 317, 155 N.E. 628 (1927)). *See also, Fata v. S.A. Healy Co.,* 289 N.Y. 401, 405, 46 N.E.2d 339 (1943) (statute "was intended for the direct benefit of laborers...."); *Austin v. City of New York,* 258 N.Y. 113, 117, 179 N.E. 313 (1932) ("The present statute is an attempt by the state to hold its territorial subdivisions to a standard of social justice in their dealings with laborers, workmen, and mechanics"), *quoted in, Smith v. Joseph, supra,* 275 App.Div. at 203, 88 N.Y.S.2d at 820.

This goal remains relevant today and is not fundamentally impaired by the invalidation of the supplement provisions of the statute. Although with diminished effectiveness, the provisions of Section 220 left intact by the Court of Appeals will continue to promote the goal of maintaining adequate *wages* on public works projects,[3] and

to a lesser extent, of equalizing competition for such projects. Consequently, the court is not at liberty to strike down these provisions. *Doyle v. Suffolk County, supra,* 786 F.2d at 527 ("legislative policy should be given effect unless application of the portion of a statute remaining after partial invalidation yields results that the legislature seems unlikely to have wanted or if the remaining portion is such a minor fragment of a comprehensive provision as to make it likely that the legislature would prefer either no provision or the opportunity to craft a new one").

### B.

■ Turning to the severability of the non-ERISA supplement provisions from the ERISA supplement provisions,[4] it warrants notice that the Court of Appeals did not expressly limit its preemption ruling to those prevailing supplements which a contractor provides through an ERISA plan.[5] This court's inquiry must therefore begin with the question whether such a limitation is implicit in the Circuit's holding.

The Court of Appeals found that Section 220 trenches upon three areas which are preempted by ERISA. 891 F.2d at 29. Specifically, the New York statute prescribes "the type and amount of an employer's contributions to [an ERISA] plan, ... the rules and regulations under which the plan operates, ... [and] the nature and amount of the benefits provided thereunder." *Id.* (citations omitted). As state regulation of supplements which are excluded from coverage by the federal statute may not be said to "relate to" ERISA plans in any of these ways, the court concludes that the Court of Appeals' opinion was not intended to preempt the non-ERISA elements of the supplement provisions.

---

3. While workers on public projects may now receive less favorable "supplemental" benefits, their actual wages are still prevented from dropping below the prevailing level.

4. Although Section 220 does not explicitly distinguish supplements that must be provided through ERISA plans from others, those supplements or benefits covered by ERISA are clearly defined in Section 1002 of that statute, 29 U.S.C. § 1002, and may be identified on that basis.

5. The State's assertion to the contrary is erroneous. The Court of Appeals' conclusion "that the above described provisions of section 220 clearly *relate to* the ERISA plans of ex-locality employers and are preempted by federal law," 891 F.2d at 30 (emphasis added), speaks to why certain provisions are preempted, not to the scope of that preemption. The relevant question is whether the Court of Appeals found such a relation in the provisions at issue.

Having identified this as an instance of partial invalidation of a provision, the court must determine "whether the legislature, had it known it could not legislate broadly, would have preferred to have no statute or to have the statute limited to apply to all those except the impermissibly included class." *Doyle v. Suffolk County, supra,* 786 F.2d at 527 (citing *Confederated Bands and Tribes of Yakima Indian Nation v. Washington,* 552 F.2d 1332, 1336 (9th Cir.1977)). As discussed above, the central objective of the amended supplement provisions is to equalize competition among employers and this goal, though somewhat hindered, is not wholly thwarted by the invalidation of the ERISA portions. Although it may not be determined with certainty, the court concludes that the framers of Section 220 would have preferred severance to the greater inequality that would result from wholesale invalidation of the supplement provisions.

### C.

■ Plaintiff's equal protection challenge is without merit. As enforcement of the non-ERISA supplement provisions will continue to promote competitive equality as to certain costs and will serve the statute's broader purpose of guaranteeing certain "prevailing" remunerative standards, it is rationally related to legitimate state interests. *See, e.g., Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976) ("Perfection in making the necessary classifications is neither possible nor neces-

sary") (citing *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970)).

### II.

■ Plaintiff is correct that the federal courts have established limits on the delegation of governmental authority by the states and their subdivisions. As the cases cited by plaintiff demonstrate, however, these limitations have generally been confined to situations in which the power delegated affects the fundamental interests of third parties. *See, e.g., Louisiana v. United States,* 380 U.S. 145, 85 S.Ct. 817, 13 L.Ed.2d 709 (1965) (voting); *North Carolina Ass'n for Retarded Children v. North Carolina,* 420 F.Supp. 451 (M.D.N.C.1976) (procreation; freedom from sterilization). Outside of that context, challenges based on state non-delegation grounds have been roundly rejected. *See, e.g., New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 439 U.S. 96, 99 S.Ct. 403, 58 L.Ed.2d 361 (1978) ("Almost any system of private or quasi-private law could be subject to the same objection").[6]

To the extent, if any, that the federal constitution limits the states' delegation of "governmental" decisions to self-interested third parties, these limitations are certainly respected by Section 220.[7] Under the statute, the relevant wage is determined by reference to the adversarial process of collective bargaining rather than unilaterally by employers or unions, and must be the "prevailing" one for at least 30% of the particular work force in the locality. Consequently, the opportunity for one-sided

---

**6.** Concededly, there do exist some *Lochner*-era cases which invalidated as impermissible delegations ordinances giving private property owners control over zoning restrictions. *See, e.g., Eubank v. City of Richmond,* 226 U.S. 137, 144, 33 S.Ct. 76, 77, 57 L.Ed. 156 (1912) (rejecting ordinance as "an unreasonable exercise of the police power"); *Washington ex rel. Seattle Title Trust Co. v. Roberge,* 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210 (1928) (same). However, these cases were decided under the substantive due process theory of that period from which all agree the Supreme Court has since retreated. *See, e.g.,* Lawrence, *Private Exercise of Governmental Power,* 61 Ind.L.J. 647, 649 (1986) ("Nor is the private exercise of governmental power delegated by state or local governments a federal constitutional issue, at least not since the

1920's") (citing *Washington ex rel. Seattle Title, supra,* as "the last" such case).

The cases cited by plaintiff regarding *congressional* delegation of authority, *e.g., Industrial Union Dept. v. American Petroleum Inst.,* 448 U.S. 607, 685–86, 100 S.Ct. 2844, 2885–86, 65 L.Ed.2d 1010 (1980) (Rehnquist, J., concurring in the judgment), are clearly inapposite as they rely upon a federal nondelegation doctrine inapplicable in the state context.

**7.** Additionally, plaintiff's characterization of the statute's wage-setting mechanism as a "delegation" is itself questionable. The New York legislature could more properly be viewed as legislating a rate which uses as its standard the agreements made by third parties.

self-interest or arbitrariness by private parties is greatly reduced. *See In the Matter of General Electric Co. v. New York State Dept. of Labor,* 154 App.Div.2d 117, 551 N.Y.S.2d 966 (3rd Dept.1990) (finding similarly).

Plaintiff's intimation that Section 220's definition of "locality" is unconstitutionally vague is similarly flawed. Although the statute defines each locality by reference to the geographic jurisdiction of the relevant CBA, Section 220(3) expressly requires the Department to issue a schedule to the contracting agency indicating the wages applicable to the locality of the project *prior to bidding.* N.Y.Labor.Law § 220(3). Thus, all bidders are on notice as to the geographic boundaries of the locality in question. The locality provision is undoubtedly "clear enough to afford one a reasonable opportunity to know what is permitted and what is proscribed," *Textile Workers Pension v. Standard Dye & Finishing Co.,* 725 F.2d 843, 855 (2d Cir.1984) (citing *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972)), and therefore is not unconstitutionally vague, particularly in light of the less stringent vagueness standard applicable in the context of economic regulation. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498–99, 102 S.Ct. 1186, 1193–94, 71 L.Ed.2d 362 (1982); *Textile Workers Pension v. Standard Dye & Finishing Co., supra,* 725 F.2d at 855–56.

### III.

Plaintiff's assertion that Section 220 is preempted by the NLRA was rejected definitively by the Court of Appeals. 891 F.2d at 27–28. Plaintiff presents no additional information that would justify revisiting this issue here.[8]

### IV.

The Supreme Court's determination in *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), makes clear that a feder-

al court may not award injunctive relief against state officials on the basis of state law. Although the Eleventh Amendment does not bar a federal court from granting prospective injunctive relief against state officials on the basis of federal claims, *see, e.g., Edelman v. Jordan,* 415 U.S. 651, 667, 94 S.Ct. 1347, 1357, 39 L.Ed.2d 662 (1974); *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), such relief is not available when based on state law. *Pennhurst, supra,* 465 U.S. at 105, 104 S.Ct. at 910 ("Our decisions repeatedly have emphasized that the *Young* doctrine rests on the need to promote the vindication of *federal* rights") (emphasis added). Injunctive relief is unavailable on the state causes of action and the court is without jurisdiction over these claims.

### CONCLUSION

Plaintiff's motion for summary judgment is denied. As plaintiff raises no genuine issues of material fact as to counts one, three, four and five of the complaint, defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

---

**8.** The court recognizes that conclusions of law made on a motion for a preliminary injunction are not binding in subsequent proceedings, *University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). However, plaintiff does not effectively challenge this court's or the Court of Appeals' preemption determination.